[L. A. No. 3237.  Department One.—December 9, 1913.]

## R. E. JAUMAN, Respondent, v. FLORA McCUSICK, Appellant.

BROKER—SALE OF REAL ESTATE—RIGHT TO COMMISSIONS.—As a general rule, a broker authorized to sell real estate is not entitled to recover the agreeed commission unless he shows that he has, in pursuance of his employment, and within the time limited therein, found a purchaser ready and willing to purchase the property on the terms specified.

ID.—SECURING AGREEMENT FOR EXCHANGE OF LANDS—FAILURE OF PARTIES TO EFFECT EXCHANGE.—Under a contract to pay a broker a specified commission for his services in securing a particular agreement for the exchange of land, the commission is earned, when the parties to the exchange execute the agreement therefor so as to make it a binding undertaking between them, requiring them to convey their respective lands upon the terms stated. The right of

the broker to his commission is not affected by the subsequent failure of either of the parties to the exchange to carry out the agreement therefor.

ID.—COMMISSIONS PAYABLE BY BOTH PARTIES TO EXCHANGE.—The broker's right to such commission is not affected by the fact that commissions were to be paid him by both parties to the proposed exchange, if such fact was known to the promisor at the time of the execution of the contract.

ID.—PROCURING CONTRACT FOR SALE.—PERFORMANCE BY BROKER.— Where brokers are employed by a writing in the ordinary form, agreeing to pay them a commission for negotiating a sale or exchange of property upon certain terms, the payment of commission not being made "contingent upon the consummation of the sale," their obligation is fully performed by procuring a valid contract to purchase, which could be enforced by the vendor if his title were perfect.

PARTNERSHIP—ASSIGNMENT OF CONTRACT TO ONE PARTNER.—Where two of the three partners composing a firm assign a partnership contract to the third partner, the interests of all the partners become merged and vested in the assignee, and he may sue on the contract in his own name.

ASSIGNMENT—INDORSEMENT OF TRANSFER ON CONTRACT.—A written transfer of "the within contract," which is indorsed thereon, sufficiently describes the subject of the assignment, and operates to transfer to the assignee every right of the assignors under the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald, for Appellant.

Haas & Dunnigan, for Respondent.

SLOSS, J.—The plaintiff sued, as assignee of a firm of real estate brokers, to recover one thousand eight hundred and fifty dollars, claimed to be due said firm for services in securing an agreement for the exchange of certain property in Imperial County, owned by defendant, for other property situated in Los Angeles County. The judgment went in favor of the plaintiff for the amount demanded. The de-

fendant appeals from the judgment and from an order deny-
ing her motion for a new trial.

W. E. Stockwell, V. E. Stockwell, and R. E. Jauman, the
plaintiff, were partners in the business of real estate brokers
under the firm name of V. E. Stockwell & Company. Fol-
lowing certain negotiations between said firm, Mrs. McCusick
and the owners of the Los Angeles property, the latter, George
C. Miller and Thomas M. Dicken, on the seventh day of April,
1908, signed and delivered to V. E. Stockwell & Company a
paper reading, in its material parts, as follows:

### "AGREEMENT FOR EXCHANGE.

"This agreement witnesseth: That I have placed with V.
E. Stockwell & Company . . . the following described prop-
erty belonging to me, situate, lying and being in the city of
Los Angeles, county of Los Angeles, and state of California,
and particularly described as follows: One house and lot,
situate at No. 1668 Lenox Ave., taken at consideration of
$6500, said property being subject to an encumbrance of
$3200. . . . Insurance on said property to be assigned to
said party of the second part, together with $4000 cash to
be paid on the date of transfer of papers, $3000 on June
15th, 1908, $3000 April 1st, 1909, $4000 April 1st 1910,
$16,700 April 1st, 1911, with interest at seven per cent per
annum on all deferred payments. All bills on both prop-
erties to be adjusted on date of transfer of papers, which I
desire to exchange for property situate in county of Imperial,
state of California, described as follows, to wit: (Here fol-
lows a description of real and personal property, the owner-
ship of which was claimed by the defendant.) The above
described property and stock are free and clear of all en-
cumbrances. . . .

"And I hereby authorize said V. E. Stockwell & Company
to act as my agents in negotiating such exchange, and agree
that if they shall secure an acceptance of the proposition to
exchange the above described property on the above terms,
that I will within thirty days furnish a certificate of title or
abstract from a reputable and reliable abstract company and
to furnish bargain and sale-deed conveying a good and suffi-
cient title to the property first above described.

"And I further agree with said V. E. Stockwell & Company that I have examined the above described property to my entire satisfaction, and that when they have secured an acceptance of the proposition to exchange the above described property on the above terms I will then pay the sum of regular commission dollars as commission for such services. And I will allow a reasonable time for the furnishing of an assignment conveying the second of the above described properties.

(Signed)          "Geo. C. Miller.
        "          "Thos. M. Dicken.

"Dated at Los Angeles this 7th day of April, 1908."

Two days later, on the ninth day of April, 1908, the defendant, Flora McCusick, executed the following agreement, written upon the same piece of paper that contained the foregoing writing signed by Miller and Dicken:

"This agreement witnesseth: That I, Flora McCusick of Heber, Imperial County, Cal., owner of the second piece of property described within, hereby certify that I have examined the above first described piece of property to my entire satisfaction and accept the proposition of exchange made therein, and upon the terms therein stated and agree to furnish an assignment within thirty days, showing said property vested in me, and to then furnish an assignment conveying title to said property to parties of the first part or their assigns or representatives.

"And I further agree to pay V. E. Stockwell & Company $1850 commission for their services in securing the agreement for said exchange.

"Dated at Heber, Cal., this 9th day of April. 1908.

(Signed)   "Flora McCusick."

It appears that some two or three weeks after the signing of said paper by the defendant she, Miller, and W. E. Stockwell met at the office of a bank in El Centro, Imperial County, for the purpose of completing the transaction by making the first payment and depositing in escrow the necessary papers. On this occasion a controversy arose with regard to the payment of taxes for the fiscal year 1908–9. Mrs. McCusick's property was government land for which a patent had not yet issued. Her possessory right was assessed as personalty, and the tax, not being secured by a lien upon real estate, was,

under the revenue system of this state, payable at once, in advance of a levy, on the basis of the rate for the preceding year. (Pol. Code, sec. 3820 et seq.) On the other hand, the taxes upon the real property in Los Angeles, to be conveyed by Miller and Dicken, were not yet payable. In this state of affairs, Miller insisted that, under the agreement, Mrs. McCusick was required to pay the taxes for 1908-9 upon her said property; while he and Dicken were not, as he contended, called upon to pay taxes upon their real estate for that year. Mrs. McCusick declined to accede to this view, taking the position that she was bound to pay the taxes for the ensuing year on only one of the properties to be exchanged. The parties being unable to come to any agreement on this point, the negotiations were broken off and the agreement for exchange was never carried into effect. Thereafter this action was brought to recover the commission of one thousand eight hundred and fifty dollars agreed to be paid by the defendant.

The principal contention of the appellant is that the brokers were not entitled to recover a commission for the reason that they had not procured a purchaser "ready and willing to purchase the property on the terms specified in the authorization." It may be conceded that the position taken by Miller with reference to the payment of taxes was untenable and that he was not justified in declining to consummate the transaction upon the terms demanded by Mrs. McCusick. But we are unable to see that this concession affords any answer to the demand of the brokers for the payment of their commission. It is no doubt the general rule that a broker authorized to sell real estate is not entitled to recover the agreed commission unless he shows that he has, in pursuance of his employment, and within the time limited therein, found a purchaser ready and willing to purchase the property on the terms specified. (*Phelan* v. *Gardner,* 43 Cal. 306; *Duffy* v. *Hobson,* 40 Cal. 244, [6 Am. Rep. 617]; *Armstrong* v. *Lowe,* 76 Cal. 616, [18 Pac. 758]; *Phelps* v. *Prusch,* 83 Cal. 626, [23 Pac. 1111]; *Martin* v. *Ede,* 103 Cal. 157, [37 Pac. 199].) Here, however, the defendant's agreement was not simply to pay a commission to the brokers upon their making a sale or exchange of the property. Her agreement was to pay one thousand eight hundred and fifty dollars for their services in securing the particular agreement which was se-

cured. There can be no doubt that the paper signed by Miller and Dicken when accepted by Mrs. McCusick, constituted a binding agreement between said parties, requiring them to convey the respective parcels upon the terms stated in the writing. When Mrs. McCusick affixed her signature on the ninth day of April, 1908, she, as well as Miller and Dicken, had entered into a complete and valid agreement for the contemplated exchange. As a part of the transaction she agreed specifically "to pay V. E. Stockwell & Company one thousand eight hundred and fifty dollars commission for their services *in securing the agreement for said exchange."* They had then secured such agreement and had performed the exact service for which the defendant undertook to pay them a commission. The performance of their obligation was complete and their rights could not be affected by the subsequent failure of either of the parties to carry out the agreement. She did not, as did the owner in the cases cited by her, agree to pay a commission for the securing of a purchaser ready and willing to purchase the land. She agreed to pay a commission for securing a specific agreement. Such agreement having been secured, she was liable under the precise terms of her contract.

But, beyond all this, if the brokers had been employed by a writing in the ordinary form, agreeing to pay them a commission for negotiating a sale or exchange of defendant's property upon certain terms, their obligation would have been fully performed by procuring "a valid contract to purchase, which could be enforced by the vendor if his title were perfect." (*Gunn* v. *Bank of California,* 99 Cal. 349, 353, [33 Pac. 1105], and cases cited.) Such contract was procured here. The payment of commissions is not "contingent upon the consummation of the sale" (*Smith* v. *Schiele,* 93 Cal. 144, [28 Pac. 857]), and the right of the brokers, even in the case supposed, would not have been defeated by the refusal of Miller and Dicken to carry out their valid and enforceable agreement. In her answer the defendant made allegations designed to throw upon the brokers accountability for the failure of Miller and Dicken to consummate the exchange. The findings on this point are, however, in favor of the plaintiff, and they are fully sustained by the evidence.

The appellant makes the contention that the evidence is insufficient to sustain the finding that V. E. Stockwell & Company sold, assigned, and transferred its claim for the said sum of one thousand eight hundred and fifty dollars to the plaintiff and that the plaintiff is now the holder and owner thereof.

The plaintiff introduced in evidence the following writing, indorsed on the foregoing agreement for exchange:

"Los Angeles, Cal. September 12, 1908.

"For a valuable consideration we hereby sell, assign and transfer the within contract to R. E. Jauman.

(Signed)    "V. E. STOCKWELL,<br>
"          "W. E. STOCKWELL."

It is claimed that this does not purport to be an assignment by the partnership and that it does not therefore support the finding that the partnership assigned its demand to the plaintiff. It appears, however, that the partnership was composed of V. E. Stockwell, W. E. Stockwell, and the plaintiff. Each partner had the right to transfer his interest in the agreement or in any other partnership property, subject, of course, to the rights of creditors of the firm. (Parsons on Partnership, 4th ed., sec. 255.) No question of creditors' rights is here involved. When two of the partners thus assigned the contract to the third, the interest of all of the partners became merged and vested in such assignee. Retaining his own interest and taking under the assignment the interests of his copartners, he became the owner of every right of the three partners in the contract. The legal effect of such transfer was precisely the same as that of an assignment purporting to transfer the claim in the partnership name.

There is no force in the objection that the description of the subject of the assignment was insufficient. What was transferred was "the within contract." 'This language was operative to transfer to the assignee every right of the assignors under the contract.

Plaintiff's rights are not affected by the fact that under the agreement commissions were to be paid by both parties to the proposed exchange. The agreement of Miller and Dicken to pay a commission appeared upon the face of the writing before Mrs. McCusick signed, and was, presumably, known to her. Having agreed to pay a commission with knowledge of the facts, she is not in a position to complain, whatever the

situation might be if she had been ignorant of the broker's relations to Miller and Dicken.

The judgment and the order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.