[Civ. No. 2551. Third Appellate District.—November 22, 1922.]

## ELIZABETH A. MARTIN, Appellant, v. C. E. EMERSON, Respondent.

[1] PARTNERSHIP—TRANSFER OF INTEREST IN REAL PROPERTY TO WIFE —SUBSEQUENT SALE TO OTHER PARTNER—STATUS OF PROPERTY— RIGHT TO CONSIDERATION. — Where one of two partners, in consideration of love and affection and for her better support and maintenance, conveys to his wife a one-half interest in real property standing of record in the names of the two partners, and which was purchased with partnership funds, she takes such interest in the property subject to the rights of creditors of the partnership and the right of the other partner to have it applied to the payment of any balance due him; and where, thereafter, such wife and her husband sell and convey that interest in the property to the other partner, the effect of such sale is to remove the property from the partnership assets, and thereafter such other partner is the owner of the same in his individual right, subject to the claims of creditors, and the consideration agreed to be paid by such other partner for such interest in the property does not constitute a partnership asset, and he, either as an individual or as the surviving member of the partnership (the other partner having died), has no lien upon or claim to such consideration.

APPEAL from a judgment of the Superior Court of Lassen County. J. O. Moncur, Judge. Reversed.

The facts are stated in the opinion of the court.

Pardee, Hardy & Pardee for Appellant.

No appearance for Respondent.

FINCH, P. J.—The plaintiff appeals from a judgment denying her any relief and awarding the defendant his costs of suit. The transcript on appeal was filed March 1, 1921, and appellant's opening brief was filed May 18, 1921. Respondent has filed no brief and no appearance was made for him at the time set for oral argument, November 10, 1922.

The complaint alleges that the plaintiff, being the owner as her separate property of an undivided half of a certain town lot, sold the same to defendant for $1,250; that at the same time the defendant executed a written agreement with

plaintiff and her husband, E. A. Martin, who died prior
to the time suit was brought, by the terms of which defend-
ant promised to pay plaintiff and her husband the purchase
price agreed upon; that her husband "joined in said agree-
ment merely as a matter of form, and at the suggestion of
defendant," but that her husband had no title to or interest
in the lot.

The answer denies that plaintiff had any interest in the
lot, or that the same was her separate property; admits the
execution of the agreement to pay the $1,250; alleges that
Martin "was the actual owner of said land and that he held
the same in trust for a partnership between himself and
said defendant, and that so far as said plaintiff was con-
cerned said property was community property of said plain-
tiff and said E. A. Martin." As a separate defense the
answer alleges that from the year 1901 to August 5, 1915,
the defendant and Martin were engaged in the saloon busi-
ness as copartners; that February 24, 1904, they purchased
the property in suit with partnership funds and for partner-
ship purposes; that thereafter Martin executed a deed
purporting to convey an undivided half interest in the prop-
erty to plaintiff, but that there was no valuable considera-
tion for the transfer; that the plaintiff knew, at the time
of said conveyance, that such property belonged to the part-
nership and that she thereafter held the property in trust
for the partnership; that at all times said property was used
as partnership property and all receipts therefrom claimed
and treated as partnership funds and all taxes paid by the
partnership, and that plaintiff never claimed any of said
receipts; that at the time of the execution of the deed from
Martin to his wife, the partnership was largely indebted
and its business carried on through the credit of defendant,
all to the knowledge of plaintiff; that defendant never had
actual knowledge of the conveyance from Martin to plaintiff;
that the business of the partnership ceased August 5, 1915,
and thereafter there were no funds or assets belonging to
the partnership and that no accounting has ever been had
between the partners; that Martin was "largely indebted
to defendant on account of moneys drawn by him from said
partnership in excess of the moneys drawn by said defend-
ant"; that at all times since August 5, 1915, the books of
account of the partnership have been in possession of Martin

and plaintiff; that the acts, omissions and conduct of plaintiff misled defendant, and "if it had not been for said acts, omissions and conduct of said plaintiff said defendant would have compelled an accounting of said partnership business and would have been able to have protected himself and to have secured said property or the value thereof to said partnership as a part of the assets thereof"; and that by reason of the foregoing facts the plaintiff is estopped from claiming said property. In a separate defense it is alleged that Martin acted in bad faith in transferring the property to his wife and concealed from defendant the fact of such conveyance. Other defenses are alleged, and found by the court to be true, in support of which no evidence was produced. The findings follow the denials and allegations of the answer.

[1] The evidence shows that the defendant and Martin were engaged in the saloon business as alleged in the answer; that they purchased the town lot in controversy with partnership funds, both Martin and Emerson being named as grantees in the deed of conveyance. Thereafter Martin, in consideration, as expressed in the deed, of love and affection and for her better support and maintenance, conveyed a half interest in the lot to plaintiff, the deed being delivered at the time it was recorded, June 11, 1907. February 20, 1914, a deed was executed by "Elizabeth M. Martin and E. A. Martin, her husband," to defendant conveying to him an undivided half interest in the lot. At the same time the parties to the deed executed the contract sued on, which reads as follows:

"This Memorandum of Agreement, made this 20th day of February, 1914, between C. E. Emerson, first party, and A. E. Martin and Elizabeth M. Martin, second parties,

"Witnesseth: That whereas said parties heretofore entered into an agreement whereby the said second parties agreed to sell to said first party an undivided one-half interest in and to lot No. 8, of Block No. 10, of the Town of Susanville, and said first party agreed to pay therefor the sum of $1250.00 in cash, provided said first party does not incorporate his property of which the above is a part, and further providing that in case such property is turned to a corporation, then the said second parties are to get for said

property above described such price as they are able to obtain from the said corporation.

"Now, it is understood and agreed that the said second parties have this day made and executed a deed conveying said property to said first party in accordance with the terms of such agreement, and the said first party hereby agrees to pay therefor the said sum of $1250.00, in case no incorporation is made, it being understood that if the property of said first party is handled by a corporation then the price to be agreed upon with said corporation, for any amount more than $1250.00, but in any event said second parties to receive the said sum of $1250.00.

"C. E. EMERSON.

"ELIZABETH M. MARTIN.

"E. A. MARTIN."

No corporation has been formed to take over the property. There is no evidence of bad faith on the part of Martin, in so far as defendant's rights are concerned, in conveying the property to his wife. The conveyance did not become effective until delivered to her and it was recorded at the time of delivery. She took the property, of course, subject to the rights of creditors and the right of defendant to have it applied to the payment of any general balance due him. (Civ. Code, sec. 2405.) Such right remained in defendant until plaintiff and Martin sold and conveyed their interest in the lot to him. The effect of such sale, however, was to remove the property from the partnership assets and thereafter the defendant was the owner of the same in his individual right, subject to the claims of creditors. In *Jarman* v. *McCusick*, 166 Cal. 517, 523 [137 Pac. 254, 256], it is said: "Each partner had the right to transfer his interest in the agreement or in any other partnership property, subject, of course, to the rights of creditors of the firm. . . . When two of the partners thus assigned the contract to the third, the interest of all the partners became merged and vested in such assignee. Retaining his own interest and taking under the assignment the interests of his copartners, he became the owner of every right of the three partners in the contract. The legal effect of such transfer was precisely the same as that of an assignment purporting to transfer the claim in the partnership name." Since the effect of the transfer to defendant was to vest in him the entire owner-

ship of the property in his individual right, it follows that the consideration agreed to be paid did not constitute a partnership asset, and the defendant, either as an individual or as the surviving member of the partnership, has no lien upon or claim to such consideration. It may be further stated that after the partnership discontinued business it effected a composition with its creditors and the evidence does not show that as between the partners there is anything due from one to the other. There is no evidence to sustain defendant's plea of estoppel.

In the contract on which the suit was brought defendant promised to pay plaintiff and E. A. Martin the sum therein specified. The complaint is based upon the theory that the plaintiff is entitled to the full amount due and that Martin's name appears in the contract as a mere matter of form. Defendant did not by demurrer to the complaint or by objection to evidence offered at the trial contest plaintiff's right to sue alone on the contract without joining the representative of her deceased husband's estate as a party to the action, but based his defense upon the theory that the plaintiff never acquired any interest in the town lot in question and the case seems to have been tried on that theory. For the reasons stated, the evidence does not support the findings and conclusions of the court. If anything in support of the judgment has been overlooked, it is due to respondent's failure to point it out or to render any assistance to the court in the consideration of the appeal.

The judgment is reversed.

Hart, J., and Burnett, J., concurred.