[Civ. No. 4447.   First Appellate District, Division Two.—May 1, 1923.]

## B. J. WATSON, Respondent, v. M. G. DUARTE, Appellant.

[1] BROKER'S COMMISSIONS—STIPULATION WAIVING FRAUD—PROOF.—In an action to recover the commission alleged to be due under a contract for the exchange of real property owned by defendant, it is error to reject evidence offered by defendant for the purpose of proving that he was induced to execute the contract by false and fraudulent representations on the part of plaintiff, notwithstanding the contract contains a stipulation that defendant has investigated and examined the property, knows the value thereof, and releases plaintiff "from all responsibility and liability for representations or statements as to the same."

[2] ID.—EXCHANGE OF PROPERTIES—ACCEPTANCE OF CONTRACT—LIABILITY FOR COMMISSIONS.—Where the contract provides that the broker shall be entitled to payment of his commission upon the acceptance of the agreement of exchange, and the agreement of exchange is accepted in accordance with the terms of the contract, the broker is entitled to his commission irrespective of the ability of the second party to complete the exchange.

APPEAL from a judgment of the Superior Court of Fresno County.   S. L. Strother, Judge.   Reversed.

The facts are stated in the opinion of the court.

J. C. Saylor for Appellant.

Briggs & Sorensen and W. P. Thompson for respondent.

NOURSE, J.—Plaintiff sued to recover the sum of $612.50 on a written contract executed by the defendant whereby the plaintiff and his assignor were employed as real estate brokers to exchange a piece of real property owned by the defendant for certain real property owned by one D. Sirkegian.   By the terms of the contract the commission was agreed to be paid upon the acceptance of the terms and conditions of the exchange by the said Sirkegian.   The

1.   Fraud and secret dealings of real estate broker as affecting compensation, note, 45 L. R. A. 33.

2.   Right of real estate broker to commission on performance of contract to find a purchaser or effect an exchange of his principal's property, notes, 139 Am. St. Rep. 225; 44 L. R. A. 593.

contract contained a waiver of the defendant's right to attack the contract upon the ground of misrepresentation in its execution, which read as follows: "It is further understood and agreed that we have investigated and examined the property last above herein described, know the value thereof and hereby release said J. O. Kerrick and B. J. Watson from all responsibility and liability for representations or statements as to the same." The plaintiff sued in the usual form for the recovery of the amount stipulated to be paid in the contract. As a special defense the answer alleged that defendant's signature to the contract was secured by false and fraudulent representations on the part of plaintiff, consisting in (1) a representation that the land was worth $40,000 and would readily sell for same on the market; that the plaintiff then had a sale ready and waiting at said price of $40,000, whereas in truth and in fact the land was not worth over $25,000, and that it had been frequently priced at said sum around the time of the execution of the agreement. (2) That plaintiff represented that there were 1,500 peach trees on the premises, whereas, there were but 900; that there were fourteen acres of Muscat grapes, whereas there were only eleven acres of Muscat grapes; that there were twelve acres of Thompson grapes, whereas there were only two acres of Thompson grapes. (3) That said land was clear from alkali, whereas it was in fact situated in an alkali district and contained alkali. (4) That the yield from said crop on said ranch was $6,000 a year, whereas the yield therefrom was in fact less than $2,000 a year. (5) That said land was level, whereas in truth it is rough and uneven. Upon this issue it was further alleged that the defendant was crippled and was · therefore unable to examine the land; that he went with the plaintiff to see a small portion of the land near the house and relied solely upon the representations of the plaintiff with reference to the property; that he was unable to read or write the English language; that he had never read the contract nor had anyone else read the same to him, but that he executed it, relying upon the friendship of plaintiff for himself and his family and on the further representation of plaintiff that it would not bind him to trade his property unless he so desired.

The trial court found in favor of plaintiff upon all the allegations of his complaint and specifically found that all the allegations above referred to as constituting fraudulent misrepresentations were not true. These findings, so far as they relate to the defense of fraud, are not supported by any evidence, as the trial court consistently refused to permit any evidence to be received upon that issue.

On this appeal this action of the trial court is assigned as error; and the further point is made that the judgment is erroneous because respondent failed to show that he had obtained a party ready and willing to exchange the property in question.

[1] On the first point it appears that the appellant offered to prove all the allegations of misrepresentation contained in his answer, but the offer was objected to on the ground that the appellant had specifically contracted with reference thereto and that he must be deemed to have waived in the agreement itself all claim of false and fraudulent misrepresentations incident to its execution. The question was propounded to appellant's witness (the daughter of the appellant): "Did Mr. Watson make any representations to you or to your father? A. Yes, he did. Q. About the ranch? A. Yes, he did. Q. What did he tell you about it?" Hereupon objection was made by counsel for respondent upon the ground that the evidence was inadmissible by reason of the stipulation in the contract above referred to. This objection was sustained and all other offers of proof were rejected.

It seems to be the position of respondent that the case rests upon the question whether appellant was aware of the stipulation in the contract. No attempt is made to defend this stipulation. Assuming that the appellant had full knowledge of all the terms of the contract, and was aware of the fact that this stipulation prevented him from raising the defense of fraud in this action, the issue, nevertheless, is whether such a stipulation in a contract is valid. In *American Nat. Bank* v. *Sommerville*, 64 Cal. Dec. 393, 395, the supreme court, in a case involving a similar stipulation in a contract for the sale of an automobile, said: "It has also been repeatedly held that if one be fraudulently induced to enter into a contract and to execute it, he is not bound by a stipulation or concluding clause of the same against

setting up the fraud. If the instrument be void for fraud in its execution the stipulation has no more binding force than if the contract had no existence, or were a mere piece of paper. (*J. A. Fay & Egan Co.* v. *Independent Lumber Co.*, 178 Ala. 166, 168 [59 South. 470].) 'It would be carrying this doctrine [estoppel] to a preposterous extent to hold that a party is estopped from claiming that the very instrument claimed to estop him was obtained from him by fraud.' (*Wilcox* v. *Howell,* 44 N. Y. 398, 402.)'' The supreme court granted a rehearing in that case and it is now pending before it, so that it is not now authority. However, the language quoted is appropriate and the authorities therein cited fully support the rule announced. Here the answer alleged that the appellant had been fraudulently induced to enter into the contract and to execute it. He cannot, therefore, be bound by a stipulation which was itself obtained by fraud. The case does not come within the doctrine of estoppel as defined by subdivision 3 of section 1962 of the Code of Civil Procedure, which reads: "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it.'' The respondent was not led to believe anything to be true by any statement which the appellant made, and he did not act upon the belief that the alleged misrepresentations were true because the appellant stipulated to release him from liability therefor. The offer of the appellant to prove that he was induced to execute the contract by false and fraudulent representations on the part of the respondent was, therefore, an offer to prove a triable issue in the case, and its rejection by the trial court was error.

[2]    There is no merit in appellant's contention that the respondent was not entitled to recover the agreed commission until he produced a party ready, able, and willing to make an exchange of the properties involved. The contract provided that the respondent should be entitled to payment of his commission upon the acceptance of the agreement. Proof was made that the agreement was accepted in accordance with the terms of the contract. The commission

was then due irrespective of the ability of the second party to complete the exchange. (*Jauman* v. *McCusick*, 166 Cal. 517, 521, 522 [137 Pac. 254].)

Judgment reversed.

Sturtevant, J., and Langdon, P. J., concurred.