[Civ. No. 2858.   Third Appellate District.—December 17, 1924.]

GILBERT H. ODSON, Respondent, v. O. H. SWANSON
et al., Appellants.

[1] VENDOR AND VENDEE — MISREPRESENTATION AS TO ACREAGE — AC-
TIONABLE DECEIT—EVIDENCE.—In an action by the vendee against the vendor to cancel the contract of sale of real property and to recover the purchase money paid because of misrepresentations as to the acreage of the tract, where the evidence shows that the vendor knew the number of acres in the tract, that he led the real estate agent with whom he listed the property for sale to believe that it contained a specified number of acres, that, acting upon such information, the agent so represented it to the vendee, that the latter believed such representation and relied upon it in his purchase of the property, that the vendor, knowing of such belief and knowledge and knowing the actual acreage in the

1. Right of purchaser of land to rely upon representation of seller as to boundaries, note, 14 L. R. A. (N. S.) 1210.

Fraudulent representation as to area within boundaries correctly pointed out as actionable, note, 23 L. R. A. (N. S.) 487. See, also, 27 R. C. L. 373.

tract to be about twenty-five per cent less than that specified, answered the vendee's inquiry as to the acreage by stating that he "did not know how many acres there were," that "it may be less, it may be a little more" than the number specified, and that the person from whom he purchased the tract told him it contained that number of acres, the vendor is guilty of actionable deceit, as defined by section 1710 of the Civil Code.

[2] ID.—WRITTEN AGREEMENT—FRAUD—PAROL EVIDENCE.—Parol evidence is admissible to establish fraud in the execution of a written agreement for the sale of real property.

---

(1) 27 C. J., p. 69, n. 26; 39 Cyc., p. 1417, n. 91, 93, p. 1437, n. 38, p. 2014, n. 99, p. 2067, n. 94.    (2) 39 Cyc., p. 2120, n. 10.

APPEAL from a judgment of the Superior Court of Sacramento County. George L. Jones, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. Hugh Sydenham and William Rigby for Appellants.

Charles A. Bliss for Respondent.

FINCH, P. J.—The plaintiff and the defendants entered into a written contract by the terms of which the latter agreed to sell and the former to buy an irregular tract of land which, according to a subsequent survey, contains 4.82 acres. The agreed purchase price was $1,650, of which the sum of $650 was paid at or before the execution of the contract. The remainder was to be paid in semi-annual installments. This action was instituted for the cancellation of the contract and the recovery of the sum paid, on the ground of misrepresentations alleged to have been made by defendants as to the number of acres contained in the tract. The plaintiff was given judgment as prayed for and the defendants have appealed.

The defendants had resided on the premises for about two years prior to the execution of the contract. They listed the property for sale with a real estate agent and authorized him to sell the same at the price and upon the terms which were later embodied in the contract of sale. Mr. Swanson testified that, at the time the property was listed with the agent, "I told him the party that sold to me told me there

---

2.  See 10 Cal. Jur. 937.

was six [acres]; I did not know." The agent placed a card in his window describing the property and stating that it contained six acres. The card attracted the plaintiff's attention and, after making inquiries of the agent, he inspected the property and, while on the premises, he inquired of Mr. Swanson how many acres were in the tract. The defendant testified: "He asked me how many acres in there. I told him I did not know how many acres there were there, but the party that sold to me told me there were six acres, but I could not tell him how many acres there were. . . . He asked me if there were six acres. . . . I told him I did not know." Plaintiff testified relative to the same conversation with Swanson: "I said, 'Well, it is kind of hard to see, being an irregular piece like that, but it looks very likely it is six acres.' . . . He said, 'It may be less, it may be a little more.'" On the same day the plaintiff returned to the agent's office and paid $50 on the purchase price of the property. The agent thereupon signed and delivered to the plaintiff an instrument acknowledging receipt of the $50 "as a deposit on account of the purchase of . . . 6 acres more or less . . . now owned by O. H. Swanson" and stating the terms of the sale. The plaintiff also signed the instrument. Thereafter the plaintiff and the defendants executed the written contract first referred to and the plaintiff paid the additional sum of $600 and took possession of the property. A few days later the plaintiff measured the land and computed its area as 4.7 acres. Thereafter the plaintiff served notice of rescission of the contract and demanded the return of the money paid. One witness testified that he saw Swanson measuring the land before the latter purchased it. Another testified that while Swanson was residing on the premises he told the witness that the tract contained 4.75 acres. A receipt for taxes paid by the defendants refers to the tract 'as containing 4.375 acres. Mr. Swanson testified that he "never looked inside of the tax receipts."

Appellants urge the following grounds for reversal: "1st. That the contract of purchase and sale being in writing . . . could not be varied by the testimony admitted in evidence. 2d. That the judgment . . . is not supported by the evidence and is contrary to the entire evidence. . . . 3rd. That no fraudulent misrepresentations were made to the respondent by the appellants. 4th. That the respondent has failed to show that he was in any way damaged by any misrepresenta-

tions made to him by appellants. . . . 5th. The contract being in writing the lower court erred in overruling the demurrer of appellants and denying their motion to strike out parts of the complaint.''

[1]    There is ample evidence to show that the tract was represented to plaintiff as containing twenty-five per cent more land than it actually does contain. If the defendants are chargeable with such misrepresentation it is clear that plaintiff was entitled to rescind and recover the amount paid by him. There is sufficient evidence, if believed, to show that Swanson knew the number of acres in the tract; that he led the agent to believe that it contained six acres; that, acting on such information, the agent so represented it to the plaintiff; that the plaintiff believed such representation and relied upon it in his purchase of the property; that Swanson, knowing of such belief and knowledge and knowing the actual acreage in the tract, answered plaintiff's inquiry relative to such acreage by stating that he ''did not know how many acres there were,'' that ''it may be less, it may be a little more'' than six acres, that the person from whom he had purchased the land told him ''there were six acres.'' Section 1710 of the Civil Code defines deceit as: ''1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true. . . . 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact.'' The evidence is sufficient to bring Swanson's conduct within the provisions of the foregoing section. [2] This disposes of all of the appellants' contentions except that to the effect that parol evidence was improperly admitted to vary the terms of the written contract. Section 1856 of the Code of Civil Procedure, cited by appellants in support of their contention, expressly provides that such evidence is admissible to establish fraud. Most of appellants' contentions are sufficiently answered by citing *Mooney* v. *Cyriacks,* 185 Cal. 70 [195 Pac. 922], in which similar contentions were overruled.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.