[Civ. No. 4791. Second Appellate District, Division One.—August 8, 1927.]

JACK BLACKWELL, Respondent, v. D. H. THOMASSON, Appellant.

Joseph P. Sproul and Sproul & Sproul for Appellant.

James S. Jarrott and Jarrott & Jarrott for Respondent.

McLUCAS, J., *pro tem.*—Plaintiff brought suit for the recovery of moneys paid under a sale contract for the purchase of an automobile. Defendant appeals from a judgment rendered for plaintiff in the sum of $275.

Plaintiff testified that he saw an advertisement of the defendant guaranteeing a new car for ninety days; that he called on the defendant and the automobile was shown to him by a salesman, who said to him: "We guarantee the

car for ninety days; you have got the advertisement in your hands and we stand by our guarantee. We give you a written guarantee also with that.'' That he agreed to purchase the machine, and that when defendant presented the contract for signature he inquired about the guarantee; that the defendant said the guarantee could not be included in the contracts because it would cost too much to discount them, but that if plaintiff would sign the contract that he would have the guarantee typewritten and mailed to plaintiff the next morning; that plaintiff never received the guarantee and defendant refused it. By leave of court, plaintiff was granted permission to amend his complaint, alleging fraud. While there was a sharp conflict in the evidence, yet there was evidence to support the finding of the court as follows: ''That as part of the consideration for said sale, the defendant guaranteed and represented that said car was new and in perfect condition, and that he, the said defendant, would keep the same in good condition and in good repair for a period of ninety days from and after June 11th, 1921. That at said time defendant falsely and fraudulently represented to plaintiff that said guarantee would not be incorporated in the written agreement for the purchase of said car for the reason that defendant expected to sell said agreement and if the same contained a written guarantee he would be unable to sell or discount the contract except at great loss, but that he would guarantee said automobile as hereinbefore set forth for the period of ninety days after said date and mail to plaintiff a written statement to that effect. That defendant made said representations, statements and promises without any intention of performing the same, but solely for the purpose of inducing plaintiff to execute said contract for the purchase of said car and making the payments therein called for. That defendant failed to mail to plaintiff any guarantee in writing. That relying upon defendant's said representations, promises and agreement, plaintiff paid to defendant the sum of $375.00 on the purchase price of said automobile. That at all times thereafter while said automobile was in plaintiff's possession plaintiff operated the same in a prudent and careful manner and took good care of the same. That at the time said car was delivered to plaintiff it was not in perfect mechan-

ical condition, and was unfit for practical use as an automobile; that on July 17th, 1921, the said automobile was defective and became out of repair and could not be operated by reason of the following defects: The radiator leaked, the self-starter would not work, it was impossible to keep lights burning on said car—the electrical appliances on said car being defective and burnt out the lights—the valves were defective and would stick so that said car could not be operated, and the clutch would not hold when going up grade.''

The purchase agreement contained the following: ''It is agreed that this instrument contains the entire agreement between the contracting parties and that no statement, promises or inducements made by any party hereto, or employee, agent, or salesman of either party hereto, which is not contained in this written contract shall be binding or valid; and this contract may not be enlarged, modified, or altered except by endorsement hereon, and signed by the party of the first part or his assigns and the party of the second part.''

▨ Appellant relies upon the rule that a written agreement cannot be varied by an oral statement. As held in the cases cited by appellant, the general principle of law, well settled, is that where a complete written contract is made, oral representations or warranties and all oral negotiations are merged in the written contract, and the general rule is that parol evidence is not admissible to vary its terms. ▨ But parol evidence is always admissible to prove fraud. ▨ The fact that the sale of the automobile is evidenced by a written contract which recites that all conditions and representations are embodied therein will not prevent the purchaser from proving by parol evidence that the sale was induced by fraud. (*Mooney* v. *Cyriacks*, 185 Cal. 70, 81 [195 Pac. 192]; *Whiting* v. *Squeglia*, 70 Cal. App. 108, 114 [233 Pac. 986]; *Odson* v. *Swanson*, 70 Cal. App. 279 [233 Pac. 354]; *California Credit & Collection Corp.* v. *Randall*, 76 Cal. App. 321 [244 Pac. 958].)

The judgment is ordered affirmed.

York, J., and Houser, Acting P. J., concurred.