[Civ. No. 5202. Second Appellate District, Division One.—August 20, 1928.]

B. G. PHILLIPS et al., Appellants, v. MRS. CORA K. MACKIE, Respondent.

Arthur Goodrick for Appellants.

William Ellis Lady for Respondent.

CONREY, P. J.—This action was brought to recover brokers' commissions alleged to be due for services rendered in accordance with a contract whereby defendant agreed to pay for those services a commission of $500. At the close of the testimony presented by plaintiffs the court, on motion of the defendant, ordered a nonsuit, and judgment was entered accordingly. The plaintiffs appeal. The contract was in writing in the form of an offer by one Mrs. Stewart, accepted by respondent, for an exchange of described properties, and all contained in one paper. This agreement, including the promise to pay to plaintiff the said sum of $500, appears in full in the reporter's transcript.

An examination of the transcript discloses that the appellants secured for the defendant a purchaser whom she accepted as ready, able, and willing to exchange the property *upon the terms specified in the contract,* and it also appears that the agreement obtained by appellants was signed by both of the parties to the exchange. In that part of the agreement signed by defendant Mackie, she said: "I hereby agree and declare that Phillips & Ream is and has been my agent in procuring the said exchange agreement. I hereby agree to pay my said agent immediately the sum of Five Hundred & no/100 Dollars ($500.00) commission for his services. I hereby acknowledge delivery to me of the aforegoing offer to exchange and declare that this exchange agreement is now on my part in full force and effect."

Under this contract the brokers' services were completed at the same time when the defendant promised to pay. As was said by the supreme court (*Jauman* v. *McCusick,* 166 Cal. 517, 522 [137 Pac. 254, 256]), in relation to a similar contract: "She did not, as did the owner in the

cases cited by her, agree to pay a commission for the securing of a purchaser ready and willing to purchase the land. She agreed to pay a commission for securing a specific agreement. Such agreement having been secured, she was liable under the precise terms of her contract." ▮ A *prima facie* case was made by the plaintiffs, and a nonsuit should not have been granted.

The judgment is reversed.

Houser, J., and York, J., concurred.