[L. A. No. 10753. In Bank.—December 20, 1928.]

M. F. DARROW, Appellant, v. J. P. HOULIHAN et al., Respondents.

Duckworth & Harrison, T. W. Duckworth and Ben Harrison for Appellant.

U. F. Lewis for Respondents.

WASTE, C. J.—Plaintiff prosecutes this appeal from an adverse judgment entered in an action brought to

recover $600 broker's commissions alleged to be due him for his services in attempting to effect an exchange of properties between defendants and W. S. and Lillian M. Little. On August 19, 1924, the defendants in writing authorized the plaintiff to negotiate an exchange of their property for that of the Littles, the offer to remain open for a period of ten days. It was stipulated in the agreement that each of the exchanging parties was to assume an "indebtedness" of $2,000 on the property received in the event the exchange was consummated. The exchange value of the respective properties was fixed at $6,000. A period of sixty days from the acceptance of the offer was to be allowed the Littles for the furnishing of a deed and certificate of title. The writing provided for the payment to plaintiff of the regular brokerage commission when he had secured an acceptance of the proposition to exchange on the specified terms. It was further provided that plaintiff might act as agent for and receive a commission from the Littles. The final stipulation of the writing was that in the event defendants' offer of exchange was accepted by the Littles, and either party should thereafter fail to comply with the terms of the agreement, the regular brokerage commission on the aggregate exchange value of the properties was to be paid by the defaulting party. Plaintiff seasonably secured the Littles' written acceptance of and consent to the terms and conditions of the offer. On the day following such acceptance the defendants refused to consummate the exchange, though the Littles had, in the meantime, placed their papers in escrow.

By way of defense to this action for commissions on the aggregate exchange value of the properties defendants aver that plaintiff, prior to the making of their written offer of exchange, falsely represented to them that the property of the Littles was encumbered with a mortgage of $2,000, due in about six months, when in truth the encumbrance was in the form of a trust deed, payable at the rate of $25 a month, upon which there remained $1,000 unpaid.

Unless the agreement of exchange was secured by fraud the plaintiff was entitled to the agreed commission upon securing the Littles' written acceptance of defendants' offer even though the exchange were never actually

consummated. (*Jauman* v. *McCusick*, 166 Cal. 517, 522 [137 Pac. 254]; *Backman* v. *Guadalupe Realty Co.*, 78 Cal. App. 347, 352 [248 Pac. 296]; *Watson* v. *Duarte*, 62 Cal. App. 52, 55 [215 Pac. 1039]; *Kells* v. *Pearson*, 56 Cal. App. 502, 506 [205 Pac. 888]; *Goodrich* v. *Turney*, 44 Cal. App. 516, 520 [186 Pac. 806]; *Jennings* v. *Jordan*, 31 Cal. App. 335, 337 [160 Pac. 576].) This conclusion flows from the agreement to pay plaintiff a commission upon his securing the Littles' "acceptance" of the "proposition to exchange." The parties by the employment of this particular language, as well as that appearing in the final paragraph of the written offer wherein it is provided that plaintiff in the event either party should fail to carry out his part in the contemplated exchange was to receive the agreed commission on the aggregate exchange value of the properties from the defaulting party, very clearly and definitely gave expression to their intention that plaintiff was not to lose or forfeit such compensation by virtue of the failure of the parties to consummate the transaction. As stated in *Jauman* v. *McCusick*, *supra*, defendants "agreed to pay a commission for securing a specific agreement. Such agreement having been secured [they were] liable under the precise terms of [their] contract."

The trial court permitted the defendants to introduce parol evidence in support of their separate defense in which it was alleged that the agreement of exchange, in its inception, was tainted with fraud, and that its execution was induced by fraudulent representations. Such evidence was admissible in support of that theory despite the written contract. (*Watson* v. *Duarte*, *supra*, at p. 55; *Colt* v. *Freitas*, 76 Cal. App. 278, 284, 285 [244 Pac. 916]; *Mooney* v. *Cyriacks*, 185 Cal. 70, 80 [195 Pac. 922]; *Whiting* v. *Squeglia*, 70 Cal. App. 108, 114 [232 Pac. 986]; *Odson* v. *Swanson*, 70 Cal. App. 279, 282 [233 Pac. 354]; *Blackwell* v. *Thomason*, 84 Cal. App. 784 [258 Pac. 724]; *American Nat. Bank* v. *A. G. Sommerville, Inc.*, 191 Cal. 364, 371 [216 Pac. 376].)

It is equally well settled, however, that fraud, unproductive of injury, "will not justify a rescission, nor support an action either for rescission or damages. . . . " (*Spreckels* v. *Gorrill*, 152 Cal. 383, 388 [92 Pac. 1011, 1014].) Although the trial court found, upon sub-

stantial evidence, that the plaintiff, by virtue of certain false representations, had induced the defendants to sign the written offer of exchange, such finding does not necessarily prove fatal to the plaintiff's recovery. It is not shown, nor have the defendants attempted to show, that had the sixty-day period allowed to the Littles by the exchange agreement to comply with its provisions been permitted to elapse the defendants would not have received that for which they had bargained and upon the exact terms and conditions specified. The respondents assert in their brief that "appellant as broker was to adjust the values by procuring the necessary encumbrances to be executed before the exchange was actually to be consummated." How, it may be asked, was plaintiff to perform these services asserted to have been required of him when the defendants by their immediate and premature abandonment of the agreement to exchange put it beyond his power to do so? It is no sufficient answer to say that plaintiff should have alleged in his complaint an excuse for nonperformance rather than performance upon his part of all conditions precedent. It cannot now be said that the Littles' property would not have come to the defendants within or at the expiration of the period fixed in the agreement, subject to a mortgage encumbrance in the sum of $2,000. The plaintiff, if he had not been precluded by defendants' abandonment of the transaction, might have made, with the assistance of the Littles, all necessary adjustments prior to the expiration of the period fixed by the exchange agreement.

For the foregoing reasons the judgment is reversed.

Shenk, J., Richards, J., Seawell, J., Langdon, J., Curtis, J., and Preston, J., concurred.