[Civ. No. 3574. Fourth Dist. May 8, 1947.]

S. F. MOLFINO, Appellant, v. LEVINSON PRODUCE COMPANY (a Copartnership) et al., Respondents.

Jamison & Jamison for Appellant.

John T. Fuller for Respondents.

MARKS, J.—This is an action to rescind a contract for the sale of a crop of muscat grapes on the ground of fraud. A general and special demurrer to an amended complaint was sustained without leave to amend. Judgment was entered for defendants and this appeal followed.

Plaintiff was the grower and defendants were the purchasers of the crop.

On August 13, 1946, the parties entered into the following contract:

"Sam Levinson & E. J. Glueck bought Aug. 13 from S. F. Molfino all muscats on his ranch 6 miles West of Strathmore for $67.50 per ton roadside—Buyers to pick & furnish swampers to load—seller to furnish tractor and trailer without any expense to buyer—$1000 deposit to remain until all grapes test—and to buyers to pay balance by certified scale weights —grower to water & sulphur as necessary. Approximately 14 acres."

The only misrepresentation alleged is as follows:

"That in order to induce said plaintiff S. F. Molfino, to make said sale, the defendant, Sam Levinson, falsely and fraudulently represented to the said plaintiff, S. F. Molfino, that one Tasker, a person well versed and well informed in the market of Muskat Grapes and who was formerly a grape buyer by trade all of which was known to said Sam Levinson and S. F. Molfino, had sold to said Sam Levinson his Muskat Grapes at the price of $60.00 per ton."

There is no allegation in the pleading from which the inference could be drawn that the contract was unfair, or resulted in any damage or injury to plaintiff or that $67.50 per ton was not the reasonable market value of the grapes at the time of the sale.

The parties here were dealing at arm's length and there was no fiduciary relationship existing between them. Under such circumstances it is well established in California that in order to enable the plaintiff to secure the cancellation of a contract for fraud or deceit some damage or injury must have resulted or be bound to result from the fraud. (4 Cal. Jur. 776.) In *Neet* v. *Holmes*, 25 Cal.2d 447 [154 P.2d 854], it is said:

"In order to enforce their attempted rescission of the lease (assuming they were proper parties to make the rescission and

bring the action), they must allege facts showing that the lease was unfair and resulted in damage to them. They do not, however, allege wherein the lease executed by the Ray-fits Company with their consent was unfair. . . . There is therefore an absence of allegations sufficient to establish that the lease was fraudulent or unfair, or resulted in damage to the plaintiffs.'' (See, also, *Bailey* v. *Fox,* 78 Cal. 389 [20 P. 868].)

In *Darrow* v. *Houlihan,* 205 Cal. 771 [272 P. 1049], it is said that ''it is equally well settled, however, that fraud, unproductive of injury, 'will not justify a rescission, nor support an action either for rescission or damages. . . .' (*Spreckles* v. *Gorrill,* 152 Cal. 383, 388 [92 P. 1011].)''

In a letter written after this case was submitted counsel for plaintiff cite sections 1261 and 1273 of the Agricultural Code, and *People* v. *Mulholland,* 16 Cal.2d 62 [104 P.2d 1045], in support of their argument that the statement alleged to have been made to plaintiff to the effect that one Tasker had sold his muscat grapes for $60 per ton was a representation of a fact ''used to determine market value.'' The cited authorities do not support that argument. Had they done so that allegation would not have cured the fatal defect in the pleading.

As the amended complaint failed to even indicate that the contract was unfair or that plaintiff had suffered any injury or damage from it, it failed to state a cause of action for rescission. This conclusion makes it unnecessary to consider the other questions argued by counsel.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.