Richard E. GRABER and Kathie Graber,
husband and wife, Plaintiffs,

v.

Bernice R. MAYEM and Robert J. Mayem,
husband and wife, Defendants.

Civ. No. 67–497.

United States District Court
D. Oregon.

March 27, 1969.

Michael J. Walsh, Shuler, Rankin, Myers & Walsh, Portland, Or., for plaintiffs.

Robert W. Gilley, Gilley, Busey & Porter, Portland, Or., and C. Ray Johnson, Tillamook, Or., for defendants.

## OPINION

KILKENNY, District Judge:

After some preliminary discussions, the defendants Mayem sold a tract of land to the plaintiffs Graber. The property is located in Los Gatos, California. The Grabers claim that the Mayems misrepresented the area of the property sold and that they purchased it in reliance on those representations. Plaintiffs seek a recision of the land sale contract or, in the alternative, damages sustained in receiving less land than agreed.

At the time of the sale in December, 1964, the Mayems owned and had lived on their Los Gatos, California property for approximately ten years. They previously made an attempt to sell the property by listing it as an area of one and one-half acres. This listing brought one offer of $70,000.00. The Mayems refused this offer. A few months before the sale in question, Mr. Mayem placed a home-made "for sale" sign on the property. The sign read simply "For Sale Dec. 3. This property for sale commercial—inquire within." A few months later the plaintiff, Mrs. Graber, viewed the property and talked to defendants. What was said at this meeting between the Mayems, Mrs. Graber and a Mr. Lawrence is in dispute. Evidently, most of the discussion was between Mrs. Mayem, who because of illness did not appear at trial, and Mrs. Graber. On September 10, 1964, the Mayems gave the Grabers an option to purchase. The option referred to the property as "two acres more or less." On December 7, 1964, the Mayems and Grabers agreed on a sale price of $100,000.00 and again described the property in the deposit receipt as "two acres more or less."

On January 5, 1965, plaintiffs listed the property for sale for $195,000.00, authorized the broker to sell the property on March 22, 1965. On August 9, 1966, they listed the property with another agency for $190,000.00. It was at the time of this listing that Mrs. Graber says she discovered that the area of the property she purchased was significantly less than two acres. Her broker ascertained from the recorded plat that the area of the Mayem property was approximately one and one-half acres.

During the time between the sale and the commencement of this suit, the plaintiffs, with some pressure by defendants, continued to make payments on the contract. Also, during this time, the Grabers leased part of the property to various tenants. In a letter dated November 6, 1966, Mrs. Graber wrote Mrs. Mayem that she now knew the true area and would not have paid the sum she did had she known. In March, 1967, Mrs. Graber, nevertheless, made another payment. Later, in a letter dated August 9, 1967, Mrs. Graber, through her Oregon attorney, gave the Mayems formal notice of her intention to rescind the contract of sale on the grounds of misrepresentation.

Mrs. Graber's version of her discussions with the Mayems differ substantially from the testimony and deposition of Mr. Mayem and Mrs. Mayem's deposition. Her contention is that she told Mrs. Mayem that she wanted the property to operate a nursing home and that she would need at least two acres for that purpose; that the Mayems assured her they had had the property surveyed and that there were two acres; and, that she purchased in reliance on those assurances. Mrs. Graber contends that the Mayems intentionally deceived her since they knew at the time of their listing the property that the acreage was only one and one-half acres.

Defendants deny that any representations were made as to the area of the property; that either of them ever knew what the area was; and also deny that any statements they did make were relied upon by plaintiffs. Defendants also

assert certain affirmative defenses, the merits of which I do not reach.

■ Plaintiffs' case fails on the most basic requirement in a suit for recision of a contract for material misrepresentation[1] by a party, i.e. plaintiffs fail to show by clear and convincing evidence that what statements the Mayems did make concerning the area of their property were *representations* of fact, rather than mere expressions of opinion. According to California law, applicable to this case because of the location of the real property involved, the test of whether a seller's statement will be considered a representation of fact, rather than an expression of opinion, is whether the statement:

> " * * * is asserted as an existing fact, material to the transaction, and which has a reasonable tendency to induce one of the parties to the transaction to consider and rely upon such representations as a fact, * * *."

Harris v. Miller, 196 Cal. 8, 235 P. 981, 983 (1925).

■ A resolution of the conflicting accounts of the statements of the parties surrounding the sale demonstrates plaintiffs' failure to meet this test. Mrs. Graber's version of the conversations between Mrs. Mayem and herself is not creditable. Her testimony was that she told Mrs. Mayem that she wanted the property for a nursing home, that she would need two acres for that purpose, and that Mrs. Mayem represented that the land had been surveyed and did, in fact, contain two acres of land. Mrs. Mayem states in her deposition that she was never told the purpose for which the property was wanted. I believe this later version. Moreover, Mrs. Mayem's deposition indicates she told Mrs. Graber that she did not know the exact area of the land because it had not been surveyed, but that she thought it was about two acres. Mr. Mayem's testimony supports this. The testimony of Mr. Lawrence, the real estate agent involved in the sale, is vague and of little value. Mrs. Graber's demeanor on the witness stand did not support her credibility. Her story about buying the property for a nursing home must be surveyed *cum grano salis* in light of (1) her expertise in buying and selling real estate as a business, (2) her placing the property on the market soon after she bought it, and (3) the fact alluded to in the briefs that the zoning laws for the area where the property was located would not have supported such a use.

Mrs. Mayem's version of what she told Mrs. Graber regarding the area of the property is much more believeable. She says she told Mrs. Graber:

> "This piece in the back looks like quite a large piece. I don't know how much is there in the back of the house, but it looks to me like it should be about two acres, but I don't know. It's never been surveyed."

This version corresponds with the recitals in the deposit receipt and the contract of sale describing the property as "two acres more or less." It also corresponds with the relative lack of sophistication the Mayems had in such matters and their undisputed assertion that their property, so far as they knew, had never been surveyed. Mr. Mayem's confusion, obvious from his testimony, as to the area of the property, effectively counters plaintiffs' contention that the Mayems knew the property contained considerably less than two acres. On the whole, defendants' version of what occurred is the more believeable.

---

1. To establish her right to judgment plaintiff "must prove that a material representation was made; that it was false; that defendants knew it to be untrue or did not have sufficient knowledge to warrant a belief that it was true; that it was made with an intent to induce plaintiff to act in reliance thereon; that plaintiff reasonably believed it to be true; that it was relied on by plaintiff; and that plaintiff suffered damage thereby." Hobart v. Hobart Estate Co., 26 Cal.2d 412, 422, 159 P.2d 958, 964 (1945); Nathanson v. Murphy, 282 P.2d 174 (Cal. App.1955).

The fact that the Mayems statements concerning the area of their property were couched in proximate terms and seemed to disclaim any pretense of accuracy do not, of themselves, render their statements expressions of opinion rather than representations of fact. A statement that property contained about two acres, or two acres more or less, could be a representation of fact that the property acreage varied only slightly from the stated amount. Harder v. Lang Realty, 61 Cal.App. 394, 214 P. 1017 (1923). Moreover, under certain circumstances a seller, apparently disclaiming accuracy of his statement, could well make it appear as a representation of fact to an ordinary buyer. Odson v. Swanson, 70 Cal.App. 279, 233 P. 354 (1924). However, considering all of the circumstances surrounding the negotiations and sale of the Mayem property, as is proper to do, Harris v. Miller, *supra*, at 984, the plaintiffs have failed to prove the defendants' statements as to area, if any, rose to anything higher than a statement or expression of their opinion.

Plaintiffs argue that under California law a seller of property is under a duty to know the area of the land he seeks to sell, that he is presumed to know the area of his property, and that a buyer may rely on whatever representations the seller may make. Accepting this, the fact still remains that no representation concerning area has been shown. The two instruments referred to above did recite "two acres more or less." But, this statement is open to interpretation by its own indefiniteness and, when viewed in the light of the negotiations between the parties, supports the defendants' position.

The California cases which speak of a seller's duty to know the area of his land, Stone v. Farnell, 239 F.2d 750 (9th Cir.1956); Shearer v. Cooper, 21 Cal.2d 695, 134 P.2d 764 (1943); Harder v. Lang Realty, supra, and De-Bairos v. Barlin, 46 Cal.App. 665, 190 P. 188 (1920), do so in a context in which definite representations were made as to the area of the property. It is a duty to refrain from making representations without taking reasonable precaution to ascertain their accuracy, rather than an affirmative duty which binds the seller. This proposition merely fortifies California law that actual intent to deceive is not a necessary element to proving fraud, Gagne v. Bertran, 43 Cal.2d 481, 275 P.2d 15, 20 (1954), Cal.Civ.Code §§ 1572(2), 1573(1), and does not apply to a situation where no representation was made concerning the area.

The buyer's right to rely on the representations of the seller is of no help to Mrs. Graber here, as I find that no representation was made. More accurately stated, that right is "to rely upon an express statement of the seller concerning an existing fact the truth of which is known to the vendor and unknown to the vendee." Younis v. Hart, 59 Cal.App.2d 99, 138 P.2d 323, 326 (1943); Shearer v. Cooper, *supra*. The mere statement of the proposition shows its inapplicability here.

This is not a case involving an overreaching seller taking advantage of an ignorant or unsuspecting buyer such as Younis v. Hart, *supra*. Mrs. Mayem told Mrs. Graber what she *guessed* the area to be. Mrs. Graber, a college-educated person of considerable experience in buying and selling real estate, cannot now say that she relied on that expression of opinion as a representation of existing fact. Indeed, even if what the Mayems told the Grabers concerning the area of their property were to be considered a representation of existing fact, the circumstances of this case militate so strongly against a finding that Mrs. Graber placed any substantial reliance upon it in purchasing the property, that the relief requested should be denied.

In closing, I must again emphasize that I was not impressed with Mrs. Graber's testimony. I couldn't help but believe that she knew what she was doing at all times. She bought the property for speculation and when it did not sell at a price which would give her a profit,

she commenced looking for ways and means to avoid the sale.

This opinion shall stand as my findings and conclusions. I resolve all of the stated issues in favor of defendants. They are entitled to a judgment of dismissal.