Richard E. and Kathie GRABER, Appellants,

v.

Bernice R. and Robert J. MAYEM, Appellees.

No. 24602.

United States Court of Appeals, Ninth Circuit.

May 1, 1970.

Michael J. Walsh (argued) of Shuler, Rankin, Myers & Walsh, Portland, Or., for appellants.

Robert W. Gilley (argued) of Gilley, Busey & Porter, Portland, Or., C. Ray Johnson, Tillamook, Or., for appellees.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal by Richard E. and Kathie Graber, husband and wife, from a judgment of dismissal of their action brought against Robert J. and Bernice R. Mayem, husband and wife, following non-jury trial in the District Court.

The facts of the case are set out in detail in the opinion of District Judge Kilkenny, now Judge Kilkenny of this court, reported at 299 F.Supp. 243 (D. Or.1969). They may be summarized as follows: On September 10, 1964, the Mayems gave the Grabers an option to purchase property located in Los Gatos, California. This option described the property as "two acres more or less." In December, 1964, the Grabers exercised their option and purchased the land for $100,000. The deposit receipt again referred to the property as "two acres more or less."

In January, 1965, Grabers listed the property for sale for $195,000, and in 1966 they listed it for sale with another broker for $190,000. Between the date of the purchase of the property and the commencement of the action, the Grabers continued to make payments on the contract and leased part of the property to various tenants.

In November, 1966, Mrs. Graber wrote Mrs. Mayem that a recent survey had revealed that the acreage of the property was slightly in excess of one and one-half acres. She claimed that she would not have purchased the property had she known the true acreage. The Grabers brought suit to rescind the sale or, in the alternative, to obtain damages for having received less property than that represented by the Mayems.

Under California law, applicable here because of the location of the property, a misrepresentation of the area of real property is a misrepresentation of a material fact, and a vendee who has relied upon the misrepresentation may either rescind the contract or sue for damages. Piazzini v. Jessup, 153 Cal. App.2d 58, 314 P.2d 196, 198 (1957). The District Court, however, found that the Mayems made no representation of fact as to the area of the property, but rather expressed an opinion as to the area. An expression of opinion cannot be made the basis of an action for misrepresentation. Harris v. Miller, 196 Cal. 8, 235 P. 981 (1925).

The court found as follows:

"Mrs. Mayem told Mrs. Graber what she *guessed* the area to be. Mrs. Graber, a college-educated person of considerable experience in buying and selling real estate, cannot now say that she relied on that expression of opinion as a representation of existing fact. Indeed, even if what the Mayems told the Grabers concerning the area of their property were to be considered a representation of existing fact, the circumstances of this case militate so strongly against a finding that Mrs. Graber placed any substan-

tial reliance upon it in purchasing the property, that the relief requested should be denied." 299 F.Supp. at 246.

We consider that these findings were not clearly erroneous, Rule 52(a), Fed.R.Civ.P., and that the trial court made correct application of the relevant law to the facts.

The judgment is affirmed.