[18092.   Department Two.—May 12, 1893.]

## F. S. WAINSCOTT, RESPONDENT, *v.* THE OCCIDENTAL BUILDING AND LOAN ASSOCIATION, APPELLANT.

FRAUD—DAMAGE—FALSE REPRESENTATIONS—APPRECIABLE INJURY.—Courts of justice do not act as mere tribunals of conscience to enforce purely moral duties which involve no pecuniary or tangible injury; but when false representations are made use of to accomplish a fraudulent purpose, as against those having a right to rely upon their truthfulness, and who do so rely, and are thereby deceived and injured, the courts will intervene to redress the wrong and injury, and if any pecuniary loss is shown to have resulted, the court will not inquire into the extent of the injury, but it is sufficient if the party misled has been very slightly prejudiced, if the amount is at all appreciable.

ID. — RESCISSION FOR FRAUD — DAMAGE. — In an action to rescind, upon the ground of fraud, the fraud is the essential thing, and while it must be coupled with loss, injury, or damage, the precise amount of the damage is of secondary importance.

ID. — EXCHANGE OF PROPERTY — MISREPRESENTATIONS — CONDITION AND VALUE OF VINEYARD — PLEADING — FINDINGS. — In an action for the rescission of certain conveyances and instruments connected therewith, growing out of an exchange of property, where the complaint does not contain the word "damage," but the findings, which follow substantially the allegations of the complaint, show that the agent of the defendant represented to the plaintiff that the tract sold contained a greater number of acres than it actually did contain; that a portion of the land was planted with grape vines, which yielded an average of eight tons to the acre; that the vines were healthy and free from disease, and that the place had yielded an average income for ten years of two thousand two hundred dollars per year net, whereas the truth was that the vineyard had not produced more than eighteen to twenty tons of grapes per annum for many years; that the vines were diseased and three fourths of them were dead, and the gross yearly income for the last five or six years had gradually decreased from one thousand dollars to six hundred dollars, which was a little more than the expense of cultivation, and that the whole vineyard was practically valueless, and that such representations were made with intent to deceive, and were relied upon by the plaintiff, sufficient injury is shown to warrant a rescission of the contract.

ID. — PERSONAL INSPECTION OF LAND BY PURCHASER — ARTIFICE OF VENDOR TO PREVENT INVESTIGATION — PRESUMPTION. — The general rule that no matter what representations are made in reference to the character and value of land by a vendor, if the purchaser visit the property itself, prior to the sale, and makes a personal examination of it touching those representations, he will be presumed to rely, not upon the representations, but upon his own judgment in making the purchase, does not apply to a case where the vendor by artifice prevents the investigation from being as full as the purchaser desires to make it.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial.

The facts are stated in the opinion.

*Robert T. Devlin,* for Appellant.

*S. Solon Holl,* for Respondent.

SEARLS, C. — This is an action for the rescission of certain conveyances and instruments connected therewith, growing out of an exchange of property owned by plaintiff in the county of Placer, for a tract of land with vineyard thereon, etc., owned by defendant, situated at Sonoma in the county of Sonoma. The action is based upon false and fraudulent representations of defendant and its agents, whereby plaintiff is averred to have been defrauded. Plaintiff had judgment, from which and from an order denying a new trial defendant prosecutes an appeal. The first point made by appellant is that the complaint does not

allege, and the court does not find, that the plaintiff was damaged, and hence that the findings do not support the judgment. In view of the doctrine enunciated by elementary writers, and fully concurred in by the courts of probably every state of the union, it will be readily admitted on all hands that "courts of justice do not act as mere tribunals of conscience to enforce duties which are purely moral, and involving no pecuniary or tangible injury. Falsehood, fraud, and deceit are not to be commended, but so long as their practice only involves a question of morals, the duty of their extirpation rests elsewhere than in the courts; but when they are made use of in the business transactions of life to accomplish a fraudulent purpose, as against those having a right to rely upon their truthfulness, and who do so rely and are thereby deceived and injured, courts intervene to redress the wrong and injury. The reproof of the moral delinquency is but an incident, an attending circumstance, of the paramount object, viz: the redress of the injury. It is said in such cases: "If any pecuniary loss is shown to have resulted, the court will not inquire into the extent of the injury; it is sufficient if the party misled has been very slightly prejudiced, if the amount is at all appreciable." (Pomeroy's Equity Jurisprudence, sec. 898 and cases cited.)

Does the complaint and findings of the court show that plaintiff was damaged?

Damage is defined to be "loss, injury, or deterioration, caused by the negligence, design, or accident of one person to another, in respect to the latter's person or property." (Black's Law Dict., tit. "Damage.") The plural of the word "damages" signifies a compensation in money for a loss or damage. This action is not one to recover damages, a money compensation. Doubtless, if plaintiff has a cause of action, he could have affirmed the contract and sued for damages. He has, however, elected to seek a cancellation for the *injury, the damage,* sustained.

A reference to a portion only of the findings, which follow substantially the allegations of the complaint, but are in some respects more full and explicit, will, it is thought, suffice to settle the question of damage.

1. Defendant was and since December, 1888, had been the owner of the property conveyed to plaintiff.

2. In May, 1890, its agent represented to plaintiff that he, as agent, but without disclosing his principal, had authority to dispose of the property for one Pickett, who lived upon the land as a tenant of defendant and who wished to sell by reason of his advanced age.

3. That the tract contained forty-three acres, when in fact it contained but thirty-seven acres, a street being included in the enclosure.

4. That thirty-eight acres were set out in a vineyard with foreign varieties of grapes; that eight tons per acre was not an uncommon yield of grapes from these vines per annum; that the vines were healthy and free from phylloxera; that the place had yielded an average income for ten years of two thousand two hundred dollars per year, over and above all expenses, whereas the truth was that the vineyard had not produced more than eighteen to twenty tons of grapes per annum for several years; the vines had been attacked by phylloxera and other pests until three fourths of them were dead, and the gross annual income had, for the last five or six years, gradually decreased from one thousand dollars to six hundred dollars, which was little more than the expense of cultivation; that the vineyard was practically valueless, and had been leased to Pickett for the year 1890, who received the whole crop for taking care of the vineyard.

5. These and other statements were false and known by defendant to be so when made, and were made with intent to deceive and defraud plaintiff. The latter relied upon their truthfulness, and was deceived and defrauded thereby into agreeing to purchase and in purchasing the property.

It is hard to realize, in the face of these facts, that the plaintiff was not injured to the extent of many thousand dollars. The injury is shown to the court by the complaint and findings, and although the technical word "damage" is not used the record is replete with apt expressions of like import and significance. We find nothing in the cases cited under this head in conflict with the views expressed. *Wainwright* v. *Weske*, 82 Cal. 193, passed off upon the sufficiency of the complaint, and the court held in substance: 1. That treated as an action to rescind a contract, it was fatally defective in not showing

an offer on the part of plaintiff to return certain money received by the plaintiff from defendant.  2. That viewed as an action to recover damages, it was lacking in several elements essential to a recovery.

He who would recover damages in a court of law must set forth in an orderly manner the facts showing his right to recover, and the amount to which he is entitled, to the exclusion of every presumption to the contrary.  In such an action the damages are the essential thing.  In an action to rescind, upon the ground of fraud, the fraud is the essential thing, and while it must be coupled with loss, injury, damage, the precise amount of such damage is of secondary importance.  Had plaintiff, in *Wainwright* v. *Weske,* averred a tender of the money received by him, and demanded the return of his notes and property, his complaint would have contained sufficient to entitle him to a rescission of the agreement.  *Morrison* v. *Lods,* 39 Cal. 385; *Bailey* v. *Fox,* 78 Cal. 398; *Marriner* v. *Dennison,* 78 Cal. 202; *Purdy* v. *Bullard,* 41 Cal. 444, differed in essential particulars from the case in hand.

The second position taken by appellant is that no matter what representations are made in reference to the character and value of property by a vendor, if the purchaser visit the property itself, it being land, prior to the sale, and makes a personal examination of it touching those representations, he will be presumed to rely, not upon the representations, but upon his own judgment in making the purchase.  *Farrar* v. *Churchill,* 135 U. S. 609, sustains the proposition contended for, but in the same connection it is proper to say that this rule must be taken subject to the proviso that the vendor does nothing to prevent his investigation from being as full as he chooses.  (*Southern Development Co.* v. *Silva,* 125 U. S. 259.)

The findings show that on May 5, 1890, plaintiff with an employee of defendant's agent visited the vineyard, but that at that time the vines, except a few acres of Tokays, were not sufficiently developed for any person, not an expert vineyardist, to learn their condition, except by close and critical examination, or by inquiring of those who knew their condition; that plaintiff was prevented by the deceit and misrepresentations of the employee from making a critical or close examination of

the vineyard, and from speaking to or inquiring of the former owner (who was on the premises at the time), and who well knew the facts, it being represented that the former owner's wife was opposed to leaving the place, and if the plaintiff talked to her, she was liable to break up the trade, and much more tending to satisfy and prevent any examination. At a later period and before the deeds were executed, similar artifices were resorted to with good effect to prevent plaintiff from again visiting the vineyard as he desired to do, and that, too, when an examination would have demonstrated the worthless condition of the vines.

Taken all in all, it is not made to appear that defendant should escape from the effect of the judgment. The offer to rescind was full and complete, and included a return of everything to which the defendant was entitled.

The rules applicable to cases of this character are succinctly stated by Fuller, C. J., in *Southern Development Co.* v. *Silva*, 125 U. S. 250, as follows: "1. That defendant has made a representation in regard to a material *fact*. 2. That such representation is false. 3. That such representation *was not actually* believed by the defendant on reasonable grounds to be true. 4. That it was made with intent that it should be acted on. 5. That it was acted on by complainant to his damage; and 6. That in so acting on it the complainant was ignorant of its falsity, and reasonably believed it to be true."

These rules, properly construed, exclude such statements as consist merely of the expression of opinions or judgment honestly entertained, and, save in exceptional cases, also opinions and statements of vendor in respect to value.

Tested in the light of these propositions, the judgment and order appealed from are correct and should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.

Hearing in Bank denied.