[L. A. No. 2876.    Department Two.—August 28, 1912.]

## DAVID SMILEY, Respondent, v. GEORGE J. READ et al., Appellants.

VENDOR AND VENDEE—SUFFICIENCY OF PERFORMANCE BY VENDOR—ACCEPTANCE OF DEED TENDERED—DEFICIT IN AMOUNT OF LAND CONVEYED—ESTOPPEL OF VENDEE.—The vendee under a contract for the sale of a specified tract of land described as containing a certain number of acres, who pays the purchase price therefor and without objection accepts a deed tendered by the vendor in performance of the contract, with knowledge that the acreage conveyed is less than that called for by the contract, is estopped, under section 2076 of the Code of Civil Procedure, from afterwards questioning the sufficiency of the vendor's performance of the contract.

ID.—OBJECTION TO DEED MUST BE MADE AT TIME OF TENDER.—It is immaterial how soon after the consummation of the sale the vendee made objection to the sufficiency of the deed. It was his duty to

assert his unwillingness to accept the land offered at the time of the tender, and failing to do so he is estopped from demanding the acreage representing the difference between the amount of land mentioned in the contract and that conveyed.

ID.—SPECIFIC PERFORMANCE—PLEADING FACTS CONSTITUTING ESTOPPEL. In an action by the vendee for specific performance of such contract, or, if that were no longer possible, for damages arising from its breach, the vendor is entitled to take advantage of such estoppel, without pleading it in *haec verba,* if the facts establishing it are otherwise sufficiently averred.

ID.—ADEQUACY OF CONSIDERATION—INSUFFICIENT ALLEGATION.—An averment in the complaint in an action for specific performance that the contract for the sale of the land "was fair, equitable and reasonable," is not a sufficient allegation of adequacy of consideration.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles Monroe, Judge.

The facts are stated in the opinion of the court.

R. B. Bidwell, for Appellants.

C. H. Converse, for Respondent.

MELVIN, J.—Plaintiff and defendants entered into an agreement whereby the former promised to purchase and the latter covenanted to sell certain real property described in the contract as "The 10.90 acres in the southwest corner of Grand and Minnehaha aves., known as the Geo. Read Tract."  Thereafter defendants caused their land to be platted and a portion thereof to be dedicated for street purposes.  A part of said property was designated as "Lot 1 of tract 478," and a deed indicating it by that form of description was tendered to plaintiff.  He accepted the deed, paid the balance of the purchase price together with a note and mortgage in accordance with the terms of the contract of sale and then made demand for a conveyance of a difference of acreage between that mentioned in the agreement and the area of "Lot 1 of tract 478."  This being refused, he sued for specific performance of the contract, or, if that were no longer possible, for damages arising from the breach.  The court determined that defendants had put specific performance out of their power and gave judgment for damages in the sum of $753.52 with costs.  Defend-

ants prosecute this appeal from the said judgment. The appeal is upon the judgment-roll alone.

Appellants rely for a reversal of the judgment principally upon an alleged estoppel. Respondent denies the estoppel and insists that in any event as no estoppel was pleaded none may be recognized. There was, however, a pleading of facts which, if established, would estop plaintiff from denying full satisfaction of his claim arising under the contract, for defendant George J. Read in his answer: "Denies that prior to the payments of the moneys or the execution and delivery of the securities hereinbefore alleged, plaintiff did not know the number of acres conveyed by defendant's deed, but allege the facts to be that prior to the payment of said $3,000.00 and the execution and delivery of said securities, the plaintiff examined the deed tendered by defendant, and also the certificate of title, and that after said examination plaintiff paid to said defendant the said sum of $3,000.00 and delivered the aforesaid securities and accepted said deed and certificate without any objection to the sufficiency thereof whatsoever." The court found: "That at the time said transaction was closed, the parties met at the First National Bank of Glendora and there were present the plaintiff, and Mr. Converse, his attorney; the defendants not being present, but being represented by Mr. Weaver. That the certificate of title which the defendants tendered to the plaintiff showed said lot 1 to contain 9.676 acres of land, and the deed which defendants tendered described said land to be conveyed, as lot 1 in tract 478. That plaintiff accepted said deed and certificate of title, paid the balance of the money he was to pay, and delivered the note and mortgage which he was to deliver, and went out. That when Mr. Weaver went out, Mr. Converse served upon him a paper he had prepared before the deed was delivered and accepted, and stated that the land was short, and demanded that they give them full measure or pay them the money. That Mr. Weaver stated that he knew nothing about that, and that they should notify Mr. Read about that; and afterward they did notify Mr. Read. That during all the negotiations defendants were acting as agents for each other." This finding establishes the estoppel for which defendant contends. Section 2076 of the Code of Civil Procedure provides that "The person to whom a tender is made must, at the time,

specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards." It makes no difference how soon after the consummation of the sale plaintiff made his objection. His duty was to assert his unwillingness to accept the land offered at the time of the tender. Failing to do this he was estopped from demanding the fraction of an acre representing the difference between the amount of land mentioned in the contract and that specified in the certificate of title. (*Montgomery* v. *De Picot,* 153 Cal. 515, [126 Am. St. Rep. 84, 96 Pac. 305]; *Gregg* v. *Von Phul,* 68 U. S. 274, [17 L. Ed. 536].) The case last cited was one in which the vendee under a contract of sale refused to accept a deed when tendered in accordance with the terms of the contract. The court said: "He cannot *now* take exceptions to a deed which he failed to perceive when it was tendered to him, or, if he knew then, failed to disclose." There is nothing in *Cavanaugh* v. *Casselman,* 88 Cal. 545, [26 Pac. 515], which is at all in conflict with the cases cited herein or with our determination of this appeal. Respondent quotes with apparent confidence, as determinative of this appeal in his favor, one paragraph of that decision which is as follows:—

"The contention of the plaintiff that the contract was merged in the deed is also untenable. The plaintiff, by the execution of the contract of May 16th, had a valid obligation against the defendant for the conveyance of a tract of land. That obligation could not be satisfied by the conveyance of a part of the tract, any more than would the payment of a money obligation be satisfied by the payment of a part thereof. Whether the conveyance of a part was made with or without controversy between the parties is immaterial. Unless it was accepted in satisfaction of the agreement, the unexecuted part of the original agreement remained in full force. An agreement for the conveyance of one hundred acres of land, except by an agreement between the parties cannot be satisfied by a conveyance of fifty acres. (Civ. Code, secs. 1477, 1524.)"

But the above language was used with reference to an entirely different state of facts from that which exists in the case before us. In the cited case a deed and bill of sale had been offered in satisfaction of the agreement between the parties to the action and *had been refused*. Plaintiff then prepared and offered to defendant, for execution a deed and bill of sale accurately conforming to the contract, but defendant declined to execute these instruments. Later, because of his anxiety to comply with a contract of lease made with third parties, plaintiff accepted the deed and bill of sale offered by defendant and (we quote from the findings as set out in the decision), "the defendant then delivered the said deed and bill of sale to the plaintiff with full understanding that they were not accepted as a full performance of said contract, but that plaintiff reserved the right to sue defendant for said breach." It will thus be seen that the paragraph upon which respondent depends is not at all applicable to the facts of the case at bar. Appellants also contend that their demurrer to the complaint should have been sustained because there were no allegations in that pleading from which the court could determine that the consideration was adequate. The only averment in this regard was "that said contract was fair, equitable, and reasonable." This does not amount to an allegation of adequacy of consideration. (*Herzog* v. *Atchison etc. R. R.*, 153 Cal. 500, [95 Pac. 898]; *Sunrise Land Co.* v. *Root*, 160 Cal. 97, [116 Pac. 72].)

The judgment is reversed.

Henshaw, J., and Lorigan, J., concurred.