[Sac. No. 4121. Department Two.—December 11, 1928.]

JOSEPH CAVALIERI, Appellant, v. LOUISE HESS, Respondent.

J. O. Stemmler and J. C. Webster for Appellant.

Rowan Hardin for Respondent.

LANGDON, J.—This is an appeal from a judgment of the superior court in and for the county of Tuolumne in favor of defendant in an action for specific performance and for damages resulting from the failure of defendant to perform under a certain agreement set forth in the complaint.

The description of the property in the agreement between the parties was: "All that portion of the East one-half of Northwest one-quarter and West one-half of Northeast one-quarter of Section Five, Township One North, Range Fifteen East, M. D. M., which lies Northerly of Sullivan's Creek, in the county of Tuolumne, State of California, and being the same property distributed to the party of the first part by decree of distribution given, made and entered on the 18th day of May, 1904, in the matter of the Estate of

George Mayer, deceased, in the superior court of the county of Tuolumne, State of California, together with the improvements thereon.''

The findings disclose: "That passing through said property in an easterly and westerly direction is a road commonly known as and called the Sonora and Mono Road. That in the year 1885, one George Mayer sold and conveyed to Bridget Wolfling and Michael Wolfling all that portion of the E ½ of the NW ½ and W ½ of NE ¼ of Sec. 5, T. 11, N. R. 15 E. M. D. M., which lies northwesterly of said Sonora and Mono Road, except two corrals opposite what was formerly known as the Northup or Bergel place. That at the time said agreement was entered into between plaintiff and defendant, the only land owned by defendant north of said Sonora and Mono Road was the lands embraced within the two corrals mentioned in the deed from George Mayer to Bridget Wolfling, et al.

"That at and prior to the time said agreement was executed both plaintiff and defendant were ignorant of the true and correct legal description of the property which said defendant owned at said time and which plaintiff desired to purchase, and before said agreement was entered into, defendant caused the boundaries of her land to be shown to plaintiff, all of which said lands were enclosed by fence. That plaintiff knew before the execution of said agreement from the boundaries so shown to him, that the land which defendant was selling and which land he desired to purchase did not include or embrace the portion of land theretofore sold by Geo. Mayer to Bridget Wolfling . . . and said plaintiff knew before the said agreement was executed that defendant did not own or claim to own and did not have possession of or claim the right to the possession of the said land described in the said deed from Geo. Mayer to Bridget Wolfling aforesaid, and said plaintiff knew before the execution of said agreement, that said lands described in said deed from Geo. Mayer to Bridget Wolfling were in the possession of Mr. Sanguinetti, and said plaintiff was not in possession of said lands, and knew at the time that he was making the payments under the said agreement that his purchase did not include said land described in said Mayer to Wolfling deed. That through a mistake in the legal description of the land in the decree of distribution in the matter

of the Estate of Geo. Mayer, deceased, the said tract formerly sold by said Geo. Mayer was included in said decree of distribution and in preparing the said agreement the description as appearing in said decree of distribution in the estate of Geo. Mayer, deceased, was used in describing the said lands of defendant. That under the terms and provisions of said agreement said plaintiff was placed in possession of the lands then owned by defendant in the month of April, 1923, and was told at that time by defendant, and plaintiff knew, that defendant did not own any lands north of the county road except the two corrals opposite the Hess residence, formerly the Bergel place, and plaintiff knew that a property division fence separated the said two corrals from the property formerly owned by Wolfling, and at the time said agreement was entered into, was in the possession of a Mr. Sanguinetti, and plaintiff knew that he did not have any right to the possession of the said land theretofore sold by Geo. Mayer to Bridget Wolfling, and said plaintiff knew at all times that the lands which he was purchasing from defendant consisted of approximately 35 acres. That if the tract formerly sold by Geo. Mayer to Bridget Wolfling had been included, that the tract would have contained approximately 58.42 acres.

"That the mistake in the description of lands so contained in said agreement was not discovered until observed by Mr. Eric J. Segerstrom in preparing the final papers for transfer of the title of the lands of defendant. That when said mistake was observed, the said plaintiff was informed of the same, prior to the execution and delivery of the deed under the terms of said agreement, and knew before the deed was executed and delivered to him that such mistake had been made in describing the lands in the said agreement and made no objection to such correction of the land description and was agreeable to the correction of the description in the said deed so as to properly and correctly describe the said lands which said plaintiff had agreed to purchase from defendant; that the said deed so delivered to plaintiff on or about the 25th day of January, 1926, did correctly and fully describe the lands which plaintiff had in fact agreed to purchase, and which lands defendant had in fact agreed to sell, and defendant has fully complied with the terms and

conditions of the said contract of purchase and sale between plaintiff and defendant.

"That defendant did not agree to convey and plaintiff did not in truth and fact agree to purchase the amount of 18.44 acres or any other amount of land in addition to the said land described in the said deed delivered by defendant to plaintiff, that plaintiff has received by said deed all of the land which he in truth and fact agreed to purchase and all of the land he paid for; that the said portion of lands sold and conveyed by Geo. Mayer to Bridget Wolfling and which said lands were included by mistake in the description of lands set forth in the said agreement formed no part or portion of the consideration paid or agreed to be paid for defendant's said lands by plaintiff. That the principal thing and matter of value in said transaction of sale from defendant to plaintiff, was the residence building and out buildings on said property known as the Hess residence property and the location of said buildings as a business property to operate a service station and soft drink establishment, that the said 18.44 acres more or less included by mistake in the said agreement is not more valuable than other portions of said land described in said agreement of sale by reason of the timber thereof or for any other reason or at all."

■ The foregoing findings show a mutual mistake as to the legal description of the lands sought to be included in the contract of sale. It is clear that a court of equity will not order specific performance of such a contract. (Civ. Code, sec. 3391, subd. 4.) ■ There is also present in the case the element of estoppel. The plaintiff, by accepting the deed to the property owned by defendant, without objection, and with full knowledge that it did not conform to the description contained in the contract, waived his right to insist upon a strict compliance with the terms of the contract. The case of *Smiley* v. *Read*, 163 Cal. 644 [126 Pac. 486], presents substantially the same legal situation as we are considering here. In that case it was said: "It makes no difference how soon after the consummation of the sale plaintiff made his objection. His duty was to assert his unwillingness to accept the land offered at the time of the tender. Failing to do this he was estopped from demanding the fraction of an acre representing the difference be-

tween the amount of land mentioned in the contract and that specified in the certificate of title.''

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.