[L. A. No. 11276. In Bank.—September 30, 1931.]

ADELE JULIAN, Respondent, v. HENRY S. GOLD et al., Appellants.

Loucks & Phister for Appellants.

Macfarlane, Schaefer, Haun & Mulford and Raymond V. Haun for Respondent.

PRESTON, J.—Action by landlord against tenants for rent. Judgment for plaintiff; defendants appeal. The facts are not in dispute.

On July 24, 1923, N. Julian, the husband and assignor of plaintiff, as lessor, made a lease to defendants of certain business property in San Pedro, Los Angeles County, for the period of five years from December 2, 1923. The agreed rental was $6,000 per annum for the first two years, $7,000 per annum for the next two years and $7,500 per annum for the last year; rent to be paid monthly in advance. Defendants lived up faithfully to the terms of the lease until October 10, 1925, upon which date the parties entered into an oral agreement whereby the monthly rentals

were to be reduced in effect to $450 per month. Defendants faithfully lived up to this agreement also for a period of more than two years, to wit: Until January 3, 1928, upon which date they paid on account of the January rent the sum of $137.50. In February following this action was brought, the gravamen of which was to claim all the balance of back rent from October 27, 1925, to January 3, 1928, with interest, and the balance of the rent for the month of January, 1928, same being the difference between $625 and $137.50, or $487.50. Findings 6 and 7 made by the trial court related to this subject and read as follows:

"That it is true that on or about the 27th day of October, 1925, the defendants and N. Julian, the assignor of plaintiff, entered into an oral agreement wherein and whereby it was agreed that the rental upon the premises . . . from and after the 10th day of October, 1925, would be at the rate of . . . $450.00 per month, said sum to be paid . . . $387.50 in cash and . . . $62.50 by the credit against security deposited with lessor, as provided in said lease, but said agreement or modification of said lease was not in writing and there was no consideration therefor.

"That it is true that from the 27th day of October, 1925, to and including the month of December, 1927, and for each and every intervening month, including the month of October, 1925, the defendants paid to N. Julian and/or to the plaintiff the sum of . . . $387.50 as rent for each of said months, but it is untrue that the said N. Julian and the plaintiff herein accepted said sums as and when paid in full for the rental of said premises for each of said months from and beginning with the month of October, 1925, to and including the month of December, 1927."

If finding No. 7 means that when plaintiff received the rents in question she merely had mental reservations of an undisclosed intent to apply these payments on account, defendants, not having knowledge of such a state of mind, then nothing appears upon which to overthrow finding No. 6. But if finding No. 7 means that it was understood by all the parties that the payments as made were merely to be payments on account and not in full, then the two findings are contradictory and the contradiction, if material, is sufficient to work a reversal of the judgment.

We think that these findings do relate to a material issue in this case. This issue is: Does the fact that plaintiff for two years accepted, in lieu of the several sums falling due monthly under the lease, a lesser sum, under an agreement that such lesser sum should constitute the rental, foreclose her from claiming the amounts rebated in a subsequent action against the lessee?

The mind of the trial court was evidently that the agreement to reduce the rent existed but being oral and unsupported by a consideration, although it was carried out, it was nevertheless a mere *nudum pactum*, subject to repudiation at any time and retroactive in its effect. Respondent has adopted this contention and cites the following authorities in support of it: *Dodge* v. *Chapman*, 42 Cal. App. 612 [183 Pac. 966]; *Gordon* v. *Green*, 51 Cal. App. 765 [197 Pac. 955]; *Sinnige* v. *Oswald*, 170 Cal. 55 [148 Pac. 203]; *Wayland* v. *Latham*, 89 Cal. App. 55 [264 Pac. 766]. She could as well also have cited the following additional California cases to the same effect; *Campbell* v. *Spare*, 180 Cal. 128 [179 Pac. 384]; *James Eva Estate* v. *Oakland etc. Co.*, 40 Cal. App. 515, 520 [181 Pac. 415].

We think that undoubtedly an error has crept into the above holdings and inasmuch as the statements are *obiter*, we may properly declare here the true rule of decision. This rule is that an executed oral agreement will serve as a modification or release of a written agreement and this too without regard to the presence or absence of a consideration. (*Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Bennett* v. *Potter*, 180 Cal. 736 [183 Pac. 156]; *Molera* v. *Cooper*, 173 Cal. 259 [160 Pac. 231].)

Where the agreement has been fully executed, the item of consideration seems clearly to be a false quantity. Unhappily, however, statements may be found in some of our opinions that an executed oral modification of a contract, to be valid, must rest upon a valid consideration. These statements are in the main, if not entirely, mere *obiter dicta*. For example, in the case of *Estate of McDougald*, 146 Cal. 196, 199 [79 Pac. 875], where the interest rate in a note secured by a mortgage was reduced by oral agreement and carried out for a period of time, the court held: "Doubtless, as an executory agreement to bind the parties in the future, and so far as it was un-

performed, it was invalid. But it would have been valid if it had been in writing (*Hewitt* v. *Dean,* 91 Cal. 5 [27 Pac. 423]), and, so far as it had been performed by the deceased, we see no reason why it was not valid as an executed parol agreement. (Civ. Code, sec. 1698.) The validity of such agreement arises from the fact that, apart from the loan of the money, there is a lawful and valuable consideration for the promise of the mortgagee to rebate the interest.'' It is true that it is there impliedly stated that in every such instance a consideration must be present but there a consideration was present and whether the holding would or would not have been the same in the absence of such consideration cannot be told. However, the decision in *Sinnige* v. *Oswald, supra,* was based upon the express authority of said holding. In the Sinnige case the rent called for by the written lease was by oral agreement reduced from $347 to $317 per month; the lesser sum was paid for some nine months, for each payment a receipt in full to date being given. Thereafter suit was brought not to recover the amounts so rebated but to recover rentals subsequently accruing. It was contended that the unexecuted portion of the lease had been altered by the oral agreement. The court properly held the latter contention to be unsound and in doing so used the following language: ''Concessions of the kind that were shown by the defendants, when supported by a consideration, are valid to the extent that a lower rent has been tendered and accepted as satisfaction in full of the installments thus paid. They are not sufficient to establish a change in the written contract so as to affect the amount of future installments of rent where no such change of terms has been made in writing. (*Estate of McDougald,* 146 Cal. 196, 199 [79 Pac. 875].)''

At a glance it will be seen that the statement that a consideration is necessary is purely *obiter* and crept into the opinion by reason of the language in the McDougald case. This expression has been made the foundation of every decision relied upon by respondent in this action as well as of the additional cases cited by us to the same effect. There is no need to recite the facts in each of said cases; it is enough to state that the question involved is identical with that appearing in the Sinnige case with the possible

exception .of *Gordon* v. *Green, supra,* the facts of which are not clear on this point. If it can be said that that case does sustain respondent's contention, we feel compelled to decline to follow it.

Abundant outside authority exists to show that so far as executed, the oral agreement reducing the rent is binding upon the lessor. 16 Ruling Case Law, page 924, section 431, in this behalf, reads as follows: "But it is held that if the lessor .orally agrees to reduce the rent, and to accept a less sum than stipulated for and such agreement is carried out for a number of years by the payment by the tenant and the acceptance by the lessor of such rent as reduced, and the giving of the receipts therefor as in full of all rent to the date of said receipts, the lessor will be regarded as having made a valid gift to the tenant of the difference between the rent paid and that stipulated for in the lease, and cannot recover of the latter the amount so given him."

A note writer under *Torrey* v. *Adams,* 254 Mass. 22 [43 A. L. R. 1447, 1487, 149 N. E. 618], after citing the general' rule, uses the following language: "It is to be noted, however, that no consideration is necessary to be shown to support an agreement reducing the rent where the contract is wholly executed; that is, where the reduced rent has been accepted as payment in full (citing *McKenzie* v. *Harrison,* 120 N. Y. 260 [17 Am. St. Rep. 638, 8 L. R. A. 257, 24 N. E. 458])." The same authority states (43 A. L. R. 1458): "It is a rule established by many well-considered cases that parties to a lease cannot escape from their secondary (modifying) agreement on the ground of want of consideration, where it has been fully executed, nor, if partially executed on both sides, can they repudiate that part of it which has been executed, though the unexecuted part may be repudiated unless grounds of equitable estoppel exist." The above is approved in 46 A. L. R., pages 1518, 1519, where the annotator, in the note under *Hurlbut* v. *Butte-Kansas Co.,* 120 Kan. 205 [243 Pac. 324], again comments upon the rule that a consideration is not necessary to support a waiver of rent, where the transaction is carried out, it being a mere voluntary relinquishment of a known right.

A well-reasoned case also is that of *Doyle* v. *Dunne,* 144 Ill. App. 14, where the syllabus correctly states the holding

as follows: "A parol agreement to reduce rent entered into by a lessor without consideration is a mere *nudum pactum,* not binding, and while the lease remains executory is not susceptible of being enforced, but a reduction accomplished periodically as the rent accrues, by accepting a sum less than the stipulated rent for such period, is valid and constitutes an executed gift."

The case of *Brackett Co.* v. *Lofgren,* 140 Minn. 52 [L. R. A. 1918F, 998, 167 N. W. 274], seems to be a well-considered case in point. There it was held that where the parties to a five-year lease agreed to reduce the rent and month after month for two years the lessee paid and the lessor receipted for rent at the reduced rate, the lessor could not thereafter recover the amount rebated. The court said: "This much is clear. The rule (referring to the general rule) must not be applied to a case where parties to a contract, still executory, agree to reduce the consideration, and thereafter both sides execute the contract as modified. After an agreement has been fully executed on both sides, the question of consideration becomes immaterial. A pure gift, fully executed, is valid (citing cases). This lease was executory at the time the agreement to reduce the rent was made. The parties saw fit to execute it on both sides in accordance with the modified terms, for the period in controversy. To the extent that it was so executed, it became a closed incident, and the amount rebated cannot now be recovered. This position is sustained by reason and authority. (Citing many cases.)"

We therefore conclude that in so far as said lease contract has been fully executed, the plaintiffs have lost their right to recover the sums allowed as rebates on the several installments of rent. We reach this same conclusion upon a well-known rule of waiver set up by section 2076 of the Code of Civil Procedure, which reads as follows: "The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards."

Under this section, if the lessor was unwilling to accept the amount tendered as in full, he could have protested then, but his acceptance, as in full payment, of a lesser sum than that due, brings him within the rule of estoppel declared by the above section. (*Smiley* v. *Read,* 163 Cal. 644, 647 [126 Pac. 486].) In the case just cited a deed was tendered and accepted which the grantee knew contained a less area than that called for by the underlying contract of sale and purchase. Inasmuch as the facts showed that the purchaser knew of the shortage at the time the deed was accepted, the court, in disposing of the claim that he still might have relief because of this shortage, said: "It makes no difference how soon after the consummation of the sale plaintiff made his objection. His duty was to assert his unwillingness to accept the land offered at the time of the tender. Failing to do this he was estopped from demanding the fraction of an acre representing the difference between the amount of land mentioned in the contract and that specified in the certificate of title." See, also, to same effect: *Montgomery* v. *De Picot,* 153 Cal. 515 [126 Am. St. Rep. 84, 96 Pac. 305]; *Cavalier* v. *Hess,* 205 Cal. 706 [272 Pac. 295].

These matters render it unnecessary to pursue any other points relied upon for a reversal of the judgment. At the beginning of the trial in this cause it was stipulated that if defendants showed that on or about the twenty-seventh day of October, 1925, an agreement was entered into between the lessor and the lessees that the rental of the premises should be at the reduced rate instead of the amount called for in the original lease and such agreement was valid, then plaintiffs should recover only the sum of $312.50 and no more. Were it not for the apparent ambiguity in the findings above discussed, we should not hesitate to modify the judgment and affirm it in the sum of $312.50. But because of said ambiguity, we deem it best merely to enter a judgment of reversal. Accordingly, the judgment is reversed, with directions that proceedings be taken not inconsistent with this opinion.

Shenk, J., Langdon, J., Curtis, J., Waste, C. J., and Seawell, J., concurred.