[Civ. No. 9341.  Second Appellate District, Division Two.—February 28, 1935.]

R. E. KENNEDY, Appellant, v. GEORGE L. MOYER et al., Respondents.

Lloyd W. Moultrie for Appellant.

C. Roy Smith and D. H. Laubersheimer for Respondents.

CRAIL, J.—This is an appeal from a judgment in an action brought to recover instalments of rent which were alleged to be due the plaintiff under a written lease whereby two of the defendants had agreed to pay a certain sum per month for years and the third defendant, Stephen G. Long, had guaranteed the same.  It was alleged by the defendants that the lessor and the lessees entered into a subsequent oral executed agreement whereby the amount of the monthly payments was reduced.  The trial court found that such oral

agreement was entered into and that it was fully executed during the period commencing May 1, 1931, and ending October 31, 1932, and the court therefore refused to give judgment in favor of the plaintiff for the excess between the amounts paid and the amounts to be paid under the written lease during said period, although it gave judgment based on the full amounts designated in the written contract for the remainder of the period covered by the lease.

It is the first contention of the appellant that the evidence is insufficient to support the findings as to the subsequent oral executed agreement. It is our duty, of course, on appeal to view the evidence in the light most favorable to the respondents. We have reviewed the evidence and we find that there is substantial evidence to sustain the findings. The judgment against George L. Moyer and Thomas O. Long is therefore affirmed.

However, on the above facts the court concluded that "the defendant Stephen G. Long was released from any obligation under the lease by the alterations in its terms as above stated, made without his consent, and that he is entitled to judgment for his costs". Appellant contends that the court erred in so ruling. The respondents contend "that *any* modification of an original contract which works some change in the rights, interests, or obligations of the parties, whether beneficial or detrimental, operates to release a guarantor . . .", and they rely upon the case of *Julian* v. *Gold*, 214 Cal. 74 [3 Pac. (2d) 1009]. They say that "the foregoing case holds that in so far as such an oral agreement is executed it constitutes a binding and valid modification of a written lease". It is true that the court does make the following quotation from 43 A. L. R. 1458: "It is a rule established by many well-considered cases that parties to a lease cannot escape from their secondary (modifying) agreement on the ground of want of consideration, where it has been fully executed . . . " But this falls far short of sustaining the respondents' contention. The thesis of the opinion in the Julian case is that *no consideration* is necessary for an executed oral agreement reducing instalments of rent; and for that purpose and to that extent only it overrules or distinguishes certain cases which hold that a consideration is necessary, declaring with regard to the former cases "that the statement that a consideration is

necessary is purely *obiter*". But a careful reading of the opinion will clearly show that such an oral executed agreement is valid not because it modifies the written lease but because (using quotations from that case) "the lessor is regarded as having made a valid gift to the tenant of the difference", and because such an agreement is a "waiver of rent where the transaction is carried out, it being a mere voluntary relinquishment of a known right", and because "a reduction accomplished periodically as the rent accrues, by accepting a sum less than the stipulated rent for such period, is valid and constitutes an executed *gift*", and because "a pure gift, fully executed, is valid", and because "to the extent that it was so executed, it became a closed incident". The opinion also quotes with approval from the Sinnige case (*Sinnige* v. *Oswald*, 170 Cal. 55 [148 Pac. 203]) as follows: "Concessions of the kind . . . *are not sufficient to establish a change in the written contract* so as to affect the amount of future instalments of rent where no such change of terms has been made in writing." A mere gift from the lessor to the lessee of a part of the rent from month to month as it becomes due is not a material alteration of a written contract such as to release a guarantor thereon, and the contention that the facts in the instant case are such as to release the guarantor does not meet with our approval. The judgment in favor of Stephen G. Long is therefore reversed with instructions to the trial court to enter judgment in favor of the plaintiff and against the said defendant for the same amount as the judgment heretofore given against the other defendants.

Judgment affirmed and reversed as above indicated. Appellant to recover his costs.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.