[Civ. No. 9495.  Second Appellate District, Division Two.—September 26, 1935.]

STATE GUARANTY CORPORATION (a Corporation), Appellant, v. FRIEND W. RICHARDSON, as Building and Loan Commissioner, etc., Respondent.

John L. Mace and Roy D. Reese for Appellant.

E. S. Williams for Respondent.

GOULD, J., *pro tem.*—When the building and loan commissioner of the state of California undertook to liquidate the affairs of American Loan Society, the latter was occupying certain premises by virtue of a long-term sublease with plaintiff. The commissioner continued occupancy of said leased premises one month and then vacated the same with notice to plaintiff that he did not assume the lease. Plaintiff then presented a claim to American Loan Society in liquidation, demanding (1) accrued rental of $6,600, which was allowed in the sum of $750 only, and (2) damages of $181,315, which was disallowed.

(1) As to the $6,600 claim, it appears that the lessor had accepted $750 instead of the contracted $1665 a month for some period previous to the advent of the liquidating commissioner, and a greater portion of the $6,600 was alleged to be due for the unpaid difference between the amount fixed by lease and the amount accepted. Where, as here, lesser amounts were accepted as rent in full for the period covered by them, the oral agreement for reduction of rent was executed and therefore valid, and no claim thereafter can be maintained for the period covered by said payments. (*Julian* v. *Gold*, 214 Cal. 74 [3 Pac. (2d) 1009].)

As to the monthly instalments not actually paid, the oral agreement was not applicable; and although defendant as liquidating commissioner had allowed the claim on the basis of only $750 per month, the trial court correctly adopted the figure fixed by the lease at $1665 per month as the proper one for rent allowance. (*Stoltenberg* v. *Harveston*, 1 Cal. (2d) 264 [34 Pac. (2d) 472].) The recovery allowed

by the court—$1665 for the last month of occupancy and a like sum for the next succeeding month after the notice of surrender of the premises, a total of $3,330—is the maximum which plaintiff may recover.

■ (2) Plaintiff's claim for $181,315 is based upon the theory that that sum represents the damages suffered when the lease was repudiated, being the difference between the rental reserved for the unexpired term and the reasonable rental value of said demised premises for said unexpired term at the time of repudiation. Such a claim for anticipatory damages, uncertain and speculative in the highest degree, may not be maintained. Even assuming that the lessor reentered the premises with intent to relet them for the account of the lessee, any action for damages for the entire unexpired term is premature if brought before the expiration of said term, especially when, as here, a subsequent lease was entered into with another party for a portion only of said unexpired term. (*Treff* v. *Gulko*, 214 Cal. 591 [7 Pac. (2d) 697].) In a case similar to the one at bar but involving a liquidation under the Bank Act (*Pacific States Corp.* v. *Rosenshine*, 113 Cal. App. 266 [298 Pac. 155]), this court has held that there may be no recovery of damages in such circumstances.

■ Furthermore, the facts in this case justify the findings of the trial court that when the premises were surrendered by the commissioner the lessor by his reentry and subsequent conduct, including the making of a lease to another party without notifying defendant that it was being done for his account, accepted the surrender of the lease and terminated the relation of landlord and tenant. All liability under the lease was thus terminated and discharged, except the single liability for rent due and unpaid at the date of the reentry. (*Welcome* v. *Hess*, 90 Cal. 507 [27 Pac. 369, 25 Am. St. Rep. 145].)

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.