[Civ. No. 1969. Fourth Appellate District.—October 9, 1936.]

T. C. MACAULEY et al., Respondents, v. JAYBEN CORPORATION (a Corporation), Appellant.

38

F. F. Grant and Russell V. Grant for Appellant.

Philip Storer Thacher and Lester J. Penry for Respondents.

BARNARD, P. J.—The defendant leased from the plaintiffs a theater building under a written lease running ten years and calling for a rental of $325 per month during the first two years, and $350 per month during the next two years. The rent was duly paid during the first year and thereafter the monthly payments ranged from $143 to $300, although in most of the months $275 was paid. This action was brought to recover the balance of the rent for a certain period in accordance with the terms of the lease. As an affirmative defense the defendant alleged that an oral agreement was entered into shortly after the end of the first year, whereby it was agreed that the rent should be $275 per month in lieu of the amount set forth in the lease "or such amount as the defendant could pay per month". It was then alleged that the amounts subsequently paid were paid pursuant to such oral agreement, that the plaintiffs received these amounts over a period of two years and seven months without any objection and that the said payments "were in full for all rents due to the plaintiffs".

A jury returned a verdict in favor of the defendant and the court granted a new trial, from which order this appeal was taken.

The appellant concedes that there was a conflict in the testimony on the issue as to whether there was an executed

oral agreement to reduce the rent and that, in so far as that issue is concerned, the discretion exercised by the trial court in granting a new trial may not be disturbed on appeal. ▮ It is contended, however, that the court abused its discretion in making this order since the evidence established, without conflict, that the respondents received without objection, from month to month, payments which were less than the amounts called for by the written lease.

The allegations that the respondent received the smaller payments without objection and that these were in full for all rents due were pleaded as a part of the defense of an executed oral agreement to reduce the amount of the rental. Whether the smaller amounts were accepted and received as full payment depends upon whether there was an agreement that they should be so accepted, on which point there is an admitted conflict in the evidence.

▮ The appellant contends that the mere acceptance of the money from month to month, without objection, constitutes a full payment and discharge of the obligations of the lease, irrespective of whether or not there was any agreement that they should be accepted as such full payment. It is argued that under section 2076 of the Code of Civil Procedure the respondents have lost all right to the balance claimed by failing to make timely objection to the amounts tendered, and that this case is governed by the rules laid down in *Julian* v. *Gold*, 214 Cal. 74 [3 Pac. (2d) 1009]. In that case the court held that there had been an executed oral agreement to accept a reduced rental in lieu of that called for by a written lease, but nothing therein can be taken as authority for the proposition that the acceptance of mere payments on account of rental due discharges the obligation in the absence of an agreement that they shall be so accepted and where they are not tendered as full payment. ▮ Aside from the question of an oral agreement, with respect to which the evidence is conflicting, there is no evidence here justifying the inference that the smaller amounts were tendered in full payment of the rent due and, on the other hand, in a letter written to the respondents nearly three years after the lease was entered into, the defendant expressed a

desire to "catch up" with the payments due to them and promised to pay $800 within two months.

No abuse of discretion appears and the order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.