[Civ. No. 11882.   Second Appellate District, Division two.—November 17, 1938.]

J. W. WOOD et al., Respondents, v. JOTHAM BIXBY COMPANY (a Corporation) et al., Appellants.

Denio, Hart, Taubman & Simpson for Appellants.

Jonah Jones, Jr., for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before the court without a jury in an action to rescind a contract of purchase of real property defendants appeal.

Viewing the evidence most favorable to plaintiffs (respondents), the essential facts are:

Defendant Jotham Bixby Company was the owner of a subdivision known as Bixby Terrace. Defendant Deeble was a sales agent for such subdivision and defendant Smith was a duly authorized salesman under the direction of defendant Deeble. Plaintiff J. W. Wood accompanied by defendant Smith visited the Bixby Terrace subdivision and viewed certain lots which were for sale. Mr. Smith stated to Mr. Wood that the property was not subject to any assessments or liens of any nature whatsoever excepting county taxes. Thereafter Mr. Wood agreed to purchase four lots in the tract and a deed was delivered to him September 15, 1937. Early in November plaintiffs received from the Cerritos Park Association a notice of a $60 assessment levied against the lots which they had purchased. November 8, 1937, plaintiffs served on defendants a notice of rescission of their contract.

Defendants rely for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the following finding of facts of the trial court:*

*"It is true that plaintiffs were induced to purchase said property by the representations made by the Deeble-Chapman Company through its agent, Percy H. Smith, and by the written representations of the defendants, Deeble-Chapman Company and the Jotham Bixby Company. It is true that said representations that there would be no assessments,*

*liens or charges against said property, save and except the Los Angeles County taxes, induced the plaintiffs to purchase said property and to pay to the defendants the sum of five thousand seven hundred ($5,700.00) dollars. It is true that said representations that there would be no assessments, liens or charges against said property, save and except the County taxes were false and untrue and known by the defendants and each of them to be false and untrue. It is true that said representations that there would be no assessments, liens or charges against said property, save and except the County taxes, were made with the intent to deceive the plaintiffs and induce the plaintiffs to purchase said property. That the Cerritos Park Association was formed under the provisions of a tract restriction which is known as declaration No. 1. That said declaration No. 1 empowered a committee to levy and collect assessments against the property hereinabove described. Said declaration No. 1 was recorded on the 18th day of March, 1937; that prior to the 23rd day of March, 1937, the defendants and each of them knew of the existence of declaration No. 1. It is true that said defendants purposely withheld advising the plaintiffs of the existence of declaration No. 1, or of the Cerritos Park Association and of its right to levy assessments on the above-described property. It is true that during the month of October, 1937, an assessment was levied against the hereinafter described property purchased by the plaintiffs to the damage of the plaintiffs herein."*

*Second: The trial judge committed prejudicial error in refusing to permit defendants to introduce evidence that the assessments levied against the property actually increased the value of said property.*

*Third: A purchase and sale contract may not be rescinded in the absence of proof that plaintiffs were actually damaged by the misrepresentations which form the basis of the action for rescission.*

*Fourth: The acceptance by plaintiffs of a deed and certificate of title showing that the property was subject to an assessment constituted a waiver of plaintiffs' right to rescind the contract on the ground that defendants had represented that the property was not subject to any assessments other than county taxes.*

■ Defendants' first proposition is untenable. An examination of the record discloses there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain every material finding of fact set forth above, together with all other facts upon which the judgment was predicated. For example, plaintiff Wood testified in response to his query, "Will there be any other taxes and assessments?" that defendant Smith replied, "No, there will not be, outside of county taxes."

He further testified as follows:

"Q. Was there any discussion with Mr. Smith concerning this $10.00 assessment that he has just mentioned? A. There was not, because had there been, I would not have bought the property, because I would not consider buying anything, real estate or otherwise, having an assessment attached to it, that I would not know anything about.

"Q. Would you say that he did or did not tell you about the $10.00 assessment? A. Nothing ever mentioned about an assessment."

■ Defendants' second proposition is likewise untenable. Defendants offered to prove by a national planning expert that the assessments which the Cerritos Park Association was authorized by the deed to levy against the property which defendants had purchased, instead of being a detriment to the property in fact enhanced its value. This testimony was properly excluded, since it was not material to any issue before the court. In a rescission action the question of whether the misrepresentations are of value to the plaintiff are not involved. It is a simple question of whether or not defendant has in fact made material misrepresentations to plaintiff, and in the instant case the misrepresentations were clearly material.

In 26 Corpus Juris, (1921) page 1183, section 90, the rule is thus stated:

" . . . it is generally held that pecuniary damage is not essential to fraud available as the basis for rescission of a contract, *the necessity or absence of necessity for proving damage being recognized as a distinction between an action for deceit and one for rescission.*" (Italics added.)

In *California Credit etc. Corp.* v. *Goodin,* 76 Cal. App. 785, page 793 [246 Pac. 121], the court says:

"Nor, in a case of this character, where the consideration has not passed, is it necessary for the defendant to plead and prove damage. (*Kelly* v. *Central Pac. R. Co.,* 74 Cal. 557, 561 [5 Am. St. Rep. 470, 16 Pac. 386]; *Munson* v. *Fishburn,* 183 Cal. 206, 218 [190 Pac. 808]; *Vulcan Fire Ins. Co.* v. *Jorgensen,* 33 Cal. App. 763 [166 Pac. 835].) This statement is to be understood as meaning that damage in such a case—that is, where the effect of the defense set up would only be to vitiate or destroy the binding force of the contract on the ground of fraud and compensation by way of damages is not sought—need not be specially pleaded or proved. Of course, in all such cases damage or injury is of the essence of the action. Every transaction brought about by fraud must result in damage or injury to the party who has thus been drawn into it. *Damage necessarily follows from the fraud.* This is so whether substantial damage susceptible to appraisement in terms of money has or has not resulted." (Italics added.)

Again in *California C. & C. Corp.* v. *Carpenter,* 77 Cal. App. 18, page 28 [246 Pac. 126], the court says:

"*The second proposition urged by plaintiff for a reversal, as indicated above, is that, in order to prevail in this action, it was essential that defendant should plead and prove that he suffered substantial or some actual damage* from the fraudulent representation whereby, it is alleged, plaintiff's assignor induced defendant to execute and deliver to it (the packing company) the notes in suit. *The precise question thus submitted is considered and determined against the position of plaintiff* here in the opinion of this court in *California Credit & Collection Corp.* v. *Goodin, supra,* and the cases therein cited. Nothing further of special force can here be added to what is said in the opinion in that case upon the proposition.

"We have been shown no just reason for disturbing the result arrived at below, and the judgment is therefore affirmed." (Italics added.)

In *Spreckels* v. *Gorrill,* 152 Cal. 383, page 389 [92 Pac. 1011], our Supreme Court states the law thus:

"Mr. Pomeroy says: 'If any pecuniary loss is shown to have resulted, *the court will not inquire into the extent of the injury;* it is sufficient if the party misled has been very slightly prejudiced, if the amount is at all appreciable.' (2 Pomeroy's Equity Jurisprudence, sec. 898; *Wainscott* v. *Occidental Assn.,* 98 Cal. 253, 255 [33 Pac. 88].) If the defendant desired a more explicit statement showing the amount of the pecuniary loss he should have presented the objection by means of a demurrer for uncertainty in that particular. The fraud is the essential thing; the precise amount of damage being of secondary importance. (*Wainscott* v. *Occidental Assn.,* 98 Cal. 253, 257 [33 Pac. 88].)" (Italics added.)

Defendants' third proposition is also untenable. The law is settled that a party to a contract may rescind the same when his consent to the contract was obtained by the fraud of the party as to whom he rescinds. (Sec. 1689, subd. 1, Civ. Code.) In the present case Mr. Wood testified that he would not have purchased the property but for the misrepresentations which were made to him by defendants.

The final proposition urged by defendants will not be considered by this court for the reason that the claimed defense was not properly urged before the trial court. The law is settled that waiver is an affirmative defense and a defendant relying thereon must set it up in his answer. (*Wienke* v. *Smith,* 179 Cal. 220, 225 [176 Pac. 42]; 25 Cal. Jur., (1926) 931, sec. 6, note 17; 11 Cal. Jur. Ten-year Supp. (1936) 306.) In the present case defendants did not plead in their answer or the amendment thereto a waiver. Therefore, applying the rule of law above stated, they have waived the right to urge the same before this court.

An examination of the record in the instant case shows it to be exceptionally free from error.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., concurred.

WOOD, J., Dissenting.—I dissent. On March 23, 1937, plaintiffs purchased from defendant corporation six lots in a tract of land which defendant corporation was placing upon the market, the total purchase price being $5,700, of which $300 was the initial payment. On May 16, 1937,

plaintiffs wrote the selling agents this letter: "It is with regret that I am forced to discontinue arrangements to gain title to the six lots which I picked out in Bixby Terrace. I find myself in an embarrassing position through matters beyond my control and will not be able to go ahead with my contract of purchase. I have paid you $300.00 which, according to the contract belonged to you the first of May and I hereby tender you the same and ask that you release me from further obligations in connection with this purchase." Not having secured a release from their obligation, plaintiffs paid the balance of the purchase price on August 7, and on September 15, 1937, a deed to the property was delivered together with a title certificate. On November 1, 1937, notice of assessment of $10 for each lot was mailed to plaintiffs by the committee to enforce protective restrictions affecting the tract of which the six lots were a part. On November 8, 1937, plaintiffs gave notice of rescission to defendants.

There was on record in the county recorder's office prior to March 23, 1937, a document known as "Declaration No. 1 of establishment of basic and local protective restrictions, conditions, covenants, reservations, liens and charges affecting the property known as Bixby Terrace." In the original agreement of purchase it was provided that plaintiffs agreed to purchase the lots "subject to conditions, restrictions, reservations and easements of record". On the back of the agreement there was printed the inspection report of the real estate commissioner in which it was stated: "Attention is called to conditions, reservations and restrictions which run with the land, . . . plans for dwellings must also pass approval of an architectural committee." The deed delivered in September contained this provision: "The above described property is conveyed, and this conveyance is accepted upon and subject to each and all of the conditions, restrictions, reservations, charges, liens and covenants and the jurisdiction rights and powers of the Association and Architectural Board particularly set forth in that certain Declaration No. 1 of Establishment recorded March 18, 1937, . . . "

In my opinion the trial court committed reversible error in sustaining objections to proof on the part of defendants that plaintiffs suffered no pecuniary damage on account of the existence of Declaration No. 1 and the further proof

offered by defendants that the value of the lots sold to plaintiffs was actually enhanced by the authority given the committee to levy the assessments in question. The Bixby Company went to much expense in preparing Declaration No. 1, which covers seventeen closely printed pages. By this declaration the owners of the tract undoubtedly sought by means of a nonprofit corporation, composed of the lot owners, to provide effective means for enforcement of the various restrictions in force on the tract and to increase the desirability of the lots being sold for residential purposes. The power given to assess an amount not to exceed $10 per year per lot was given to the architectural committee in the interest of the purchasers of the lots.

Although some conflict among the authorities exists elsewhere, it is the established law in California that an action for rescission of a contract and the return of money paid thereunder may not be maintained without proof of some pecuniary injury. In *Darrow* v. *Houlihan,* 205 Cal. 771, 774 [272 Pac. 1049], we find: "It is equally well settled, however, that fraud, unproductive of injury, 'will not justify a rescission, nor support an action either for rescission or damages . . . '." The court referred to *Spreckels* v. *Gorrill,* 152 Cal. 383, 388 [92 Pac. 1011, 1014], in which, like the case under review, the plaintiff sought to recover money which had been paid to the defendant as the price of certain property. The court stated: "It may be conceded that it must be shown that the plaintiff, by reason of the fraud, suffered an injury of a pecuniary nature, that is, an injury to his property rights, as distinguished from a mere injury to his feelings, but it will be sufficient if the facts alleged show that material injury will necessarily ensue from the fraud, although the amount of the pecuniary loss is not stated." The situation of the parties in *California Credit etc. Corp.* v. *Goodin,* mentioned in the majority opinion, was different from the situation of the litigants in the present action. In that case the plaintiff sued upon a promissory note the execution of which had been obtained by fraud. In affirming a judgment for the defendant the reviewing court said: "As shown, defendant asks for no affirmative relief. He merely interposes a defense involving an objection to the enforcement of the note on the ground that

it is in law without obligatory force for the reason that he was procured or induced by plaintiff's assignor to execute and deliver it to the latter by fraud or false representations. That such a defense is available in a case of this character— that is, where defendant has not received anything of value from the other party, as has been shown is true here—is definitely attested by the authorities . . . Nor, in a case of this character, where the consideration has not passed, is it necessary for the defendant to plead and prove damage.''

The original complaint in the present action was silent on the subject of damage to plaintiffs but an amendment to conform to proof was allowed by which were added the words ''to the damage of the plaintiffs''. The court found that an assessment was levied ''to the damage of the plaintiffs''. Not only was there no evidence introduced to support this finding but defendants were denied the right to show that the assessment and the right to make the assessment increased the value of the lots and actually benefited plaintiffs.

I am also of the opinion that the findings on the subject of fraud are not sustained by the evidence. No statement was made to plaintiffs by any of the defendants that the lots were not subject to assessment nor did the court find that such a statement was made. There was a conversation between Mr. Wood and Mr. Smith, the salesman, on the subject of assessments for various improvements such as streets, sidewalks, curbs and lights. Mr. Smith told Mr. Wood that there would be no assessment, evidently referring to the improvements under discussion. Mr. Wood suggested that the matter be placed in writing and accordingly a letter was obtained from the Bixby Company under date of April 24, 1937, in which Mr. Wood was assured that the cost of the improvements would be paid by the sellers. The letter stated in part: ''The cost of all of the above work is to be paid by the Jotham Bixby Company. No part thereof is to be covered by bond or in any way made a lien against the property or the purchasers of lots in said tract.'' Mr. Wood testified that this letter covered what he had in mind at the time of the conversation. In view of the circumstances under which the statement was made it cannot be held that Mr. Smith stated that no assessment of any kind would be made. Neither can it be held that Smith's statement was a repre-

sentation of a present fact or condition as distinguished from a prediction as to the future. Since it was made with reference to various street improvements it has not been shown that the statement was untruthful.

At the time plaintiffs received the deed and certificate of title they were charged with notice that the committee had jurisdiction to assess the lots in a sum not to exceed $10 each for the purposes set forth in Declaration No. 1. Mr. Wood testified that when he received the deed and certificate of title he read and accepted them. It is my opinion that Mr. Wood waived any right he might have had to a rescission by his acceptance without objection of the deed and certificate proffered to him. (*Smiley* v. *Read,* 163 Cal. 644 [126 Pac. 486] ; *Cavalieri* v. *Hess,* 205 Cal. 703 [272 Pac. 295].) The general rule that a waiver must be pleaded is subject to the qualification that where the defendants have pleaded facts which, if established, would estop plaintiffs from asserting a right to rescind, it is not necessary to set forth the waiver in more formal language. (*Smiley* v. *Read, supra.*) Here defendants pleaded that plaintiffs received and accepted the deeds and policies of title insurance showing the true condition of the title.